209 N.J. Super. 592 (1986)
508 A.2d 1147
FELIX SMAUL, A/K/A EFIM SHMUYLOVICH, PLAINTIFF-RESPONDENT,
v.
IRVINGTON GENERAL HOSPITAL, MASOU MALEKZADEH, M.D., MASOUD MALIK, M.D., DR. RAYASAM; JOHN DOE AND RICHARD ROE (SAID NAMES BEING FICTITIOUS), DEFENDANTS, AND ALLSTATE INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 15, 1986.
Decided April 29, 1986.
*593 Before Judges PRESSLER, DREIER and BILDER.
Richard P. Maggi argued the cause for appellant (McDermott, McGee & Ruprecht, attorneys; Richard P. Maggi, of counsel and on the brief).
Kenneth J. Fost argued the cause for respondent (Mark J. Bellotti, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
On this appeal we are asked to consider whether injuries resulting from a criminal attack on the driver of a passenger car are covered by personal injury protection (PIP) benefits under an automobile liability policy. Defendant Allstate Insurance Company appeals from a summary judgment entered in favor of the plaintiff driver following a finding by the trial *594 court that he was injured "as the result of an accident involving an automobile" within the meaning of N.J.S.A. 39:6A-4.
The facts are simple and uncontested. Plaintiff, Felix Smaul, was assaulted by two individuals when he stopped his car to ask directions. He was pulled from his car, robbed and cut on the forehead with a knife. He also suffered a fractured finger. In this suit he sought PIP benefits from Allstate under an admittedly effective policy. Allstate denied coverage, contending that the accident did not involve an automobile within the purview of the no fault statute.
As effective at the time of the incident, N.J.S.A. 39:6A-4 provided that PIP coverage must be afforded "without regard to negligence, liability or fault of any kind, to the named insured... who sustained bodily injury as a result of an accident involving an automobile."
Although no one argues to the contrary, it is useful to note initially that the assault was an accident within the meaning of the statute. See Pennsylvania Nat'l Mut. Cas. Co. v. Miller Est, 185 N.J. Super. 183, 187-188 (App.Div. 1982). It is also uncontroverted that plaintiff was at that time a named insured on an effective policy issued by Allstate. The sole question is whether the assault "involv[ed] an automobile" within the meaning of the statute.
In a literal sense it cannot be doubted that the incident involved an automobile since it was the site of the assault. However the question remains whether in a practical sense the automobile was merely an attending circumstance which was unrelated to the assault or whether it had a sufficient nexus to the assault to come within the statute. In Uzcatequi-Gaymon v. N.J. Mfrs. Ins. Co., 193 N.J. Super. 71 (App.Div. 1984), we took some pains to distinguish incidents which involved the use of an automobile from those in which the automobile, though present, was not being used in a sense which was meaningful to the remedial purposes of PIP benefits. In that case the driver of an automobile had parked near a public telephone and was *595 killed in an attempted robbery of the keys to his car while he was using the telephone. We noted that "while theft of the automobile may have been the ultimate object of the attack, from a legal viewpoint the automobile was not the cause of decedent's injuries and death. Rather, the cause ... was the act of robbery committed by his assailants." Id. at 73. We concluded that "there was an insufficient causal connection between the shot fired by [the] attackers and the automobile to consider the killing an accident involving an automobile within the meaning of the [no fault statute] as it existed [at that time]." Id. at 75. In essence we said this was simply not the sort of "accident" the legislation was intended to cover. Similar conclusions were reached in Foss v. Cignarella, 196 N.J. Super. 378 (Law Div. 1984) and Sciascia v. American Ins. Co., 183 N.J. Super. 352 (Law Div. 1982), aff'd o.b. 189 N.J. Super. 236 (App.Div. 1983). In the former case, while seated in his car the driver was stabbed by another driver during a dispute concerning the operation of the cars; in the latter case the insured was killed by the deliberate firing of a shotgun while standing by his car. If causal connection in a narrow sense is the appropriate test, plaintiff's injuries cannot be said to have resulted from an accident involving an automobile within the meaning of the statute.
On the other hand, we have long held that the insurance policy does not require that the injury be directly or proximately caused by the automobile itself or by its motion or operation. See Westchester Fire Ins. Co. v. Continental Ins. Co., 126 N.J. Super. 29, 37 (App.Div. 1973), aff'd o.b. 65 N.J. 152 (1974). There need only be a substantial nexus between the injury and the use of the car. Id. at 38. It was on this basis that injuries suffered by a bicyclist who was struck by a stick thrown by a passenger in a moving car were found to have arisen out of the "ownership, maintenance or use" of an automobile within the meaning of the policy. The court noted that it was not uncommon for things to be thrown out of moving vehicles, so that coverage for injuries caused by such objects could be anticipated *596 and expected by parties to the insurance contract. Id. at 38-39. As we noted in Uzcatequi-Gaymon, the coverage has been broadened to include more than accidents in which the automobile is involved, id. 193 N.J. Super. at 75-76 and the named insured is afforded broader coverage than other classes of injured persons. See Vicari v. Nationwide Insurance, 174 N.J. Super. 463, 468 (App.Div. 1980), certif. den. 85 N.J. 464 (1980). It is an unfortunate truth that in these times the sort of attack to which plaintiff was subjected is not uncommon. It was no less expectable than the type of incident for which coverage was found in Westchester Fire Ins. Co. It was this principle that was recognized and applied by the trial judge.
In his oral opinion of May 10, 1985 Judge Ronco said, "it is foreseeable that a driver of a car will, at times, stop for directions while operating his vehicle and that in doing so he may be injured as a result of an assault by another. Therefore, this court finds that the plaintiff is entitled to protection under [N.J.S.A.] 39:6A-4." We agree.
Affirmed.