COLONIAL PENN INSURANCE COMPANY, PLAINTIFF-APPEL-
LANT, v. ALLSTATE INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 28, 1986—Decided December 30, 1986.

Before Judges O'BRIEN and LANDAU.

*Joseph Buttafuoco*, attorney for appellant.

*Daniel Kaplinsky*, attorney for respondent.

The opinion of the court was delivered by

O'BRIEN, J.A.D.

At issue in this case is the effect of the adoption of *N.J.S.A.* 39:6A–4.2 upon *N.J.S.A.* 39:6A–11, as to contribution among insurers for PIP benefits paid to an insured. The trial judge ruled that *N.J.S.A.* 39:6A–4.2 had prospective application only and did not become operative until the day after the accident causing the injuries for which the PIP benefits were paid. Therefore, he ruled that both insurers were required to share on an equitable pro rata basis benefits paid, pursuant to *N.J. S.A.* 39:6A–11. We agree and affirm.

Plaintiff Colonial Penn Insurance Company (Colonial) insured the vehicle, driven by the son of the insured, in which Roger Livingston (Livingston), the injured party, was a passenger. The accident occurred on December 31, 1983. Defendant Allstate Insurance Company (Allstate) paid PIP benefits to Livingston under a policy in which he was their named insured. Colonial brought this declaratory judgment action seeking a

declaration that it was not required to reimburse Allstate for any portion of the PIP benefits paid to Livingston.

*N.J.S.A.* 39:6A–11 reads as follows:

If two or more insurers are liable to pay benefits under sections 4 and 10 of this act for the same bodily injury, or death, of any one person, the maximum amount payable shall be as specified in sections 4 and 10 if additional first party coverage applies and any insurer paying the benefits shall be entitled to recover from each of the other insurers, only by inter-company arbitration or inter-company agreement, an equitable pro-rata share of the benefits paid.

Pursuant to this statute, the trial judge concluded Colonial was obliged to reimburse Allstate for its pro rata share of the PIP benefits paid to Livingston.

Colonial argues that Allstate provided primary coverage for Livingston and until that is exhausted Colonial is not liable to pay PIP benefits on account of his injuries. In support of its argument, Colonial contends it has long been a practice in the industry that a named insured or relatives living in his household should seek PIP benefits first from the named insured's carrier which provides primary coverage. In this instance, Colonial contends that, since Livingston was the named insured in Allstate's policy, Allstate must provide primary coverage, whereas Colonial's policy only provided secondary coverage. Administrative regulations concerning the Automobile Reparation Reform Act support this conclusion. *See N.J.A.C.* 11:3–7.3(a),[1] which reads:

The policy form or endorsement providing the personal injury protection benefits shall provide that the benefits required by *N.J.S.A.* 39:6A–4 as stated in 1 through 5 below shall be afforded by the insurer of the injured person....

Colonial further argues that the enactment of *N.J.S.A.* 39:6A–4.2 confirms that this was the original intention of the Automobile Reparation Reform Act. *N.J.S.A.* 39:6A–4.2 reads as follows:

Primacy of coverages

---

[1]Prior to amendment in 1985, this provision was contained in *N.J.A.C.* 11:3–7.4 and read: "The policy form or endorsement providing the personal injury protection benefits shall provide that Section 4 benefits shall be afforded by the insurer of the injured person."

> The personal injury protection coverage of the named insured shall be the primary coverage for the named insured and any resident relative in the named insured's household who is not a named insured under an automobile insurance policy of his own. No person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident.

This provision, was enacted as part of the New Jersey Automobile Insurance Freedom of Choice and Cost Containment Act of 1984, *L.* 1983, *c.* 362, which became effective on October 4, 1983. However, § 12 which became *N.J.S.A.* 39:6A–4.2 was specifically to remain inoperative until January 1, 1984. As noted, the accident causing the injuries occurred on December 31, 1983. However, Colonial argues that, notwithstanding the clear language of the legislative enactment, *N.J.S.A.* 39:6A–4.2 should be applied retrospectively, as found by the Law Division in *Cokenakes v. Ohio Cas. Ins. Co.*, 208 *N.J.Super.* 308 (Law Div.1985). In the present case, Judge Harding, in his opinion for the Law Division, disagreed and so do we. The clear language of the enactment makes an analysis of whether the act should be applied retroactively unnecessary. Section 24 of *L.* 1983, *c.* 362, reads as follows:

> This act shall take effect immediately, but ... section(s) 12 ... shall remain inoperative until January 1, 1984....

There could hardly be a clearer expression of the Legislature's intent as to the date upon which the legislation became operative. Thus, on December 31, 1983, when this accident occurred, *N.J.S.A.* 39:6A–4.2 was inoperative by express legislative statement.

Notwithstanding his conclusion that the legislation was retrospective, the trial judge in *Cokenakes v. Ohio Cas. Ins. Co., supra,* concluded that *N.J.S.A.* 39:6A–4.2 had no effect upon *N.J.S.A.* 39:6A–11, but was solely enacted to the end that the injured person may be assured prompt payment of his PIP benefits by one of multiple carriers who may provide coverage. The *Cokenakes* court concluded that, by providing which of the coverages is primary, the insured should receive prompt payment. As the judge said: "The Legislature thus provided a

remedy for persons injured in automobile accidents when multiple insurers are unable to agree as to the PIP contributions to be made by each." *Cokenakes*, at 314. Nonetheless, he concluded that as between the insurance carriers, *N.J.S.A.* 39:6A–11 requires that the multiple carriers share the expense of the benefits paid on an equitable pro rata basis.

It is unnecessary for us to reach this issue since we conclude that *N.J.S.A.* 39:6A–4.2 was not operative on the date of the accident giving rise to the injuries for which the PIP benefits were paid. Although we note that the preamble to *N.J.S.A.* 39:6A–11 is "If two or more insurers are *liable* to pay benefits under sections 4 and 10 of this act for the same bodily injury ..." [emphasis supplied], we express no opinion as to the conclusion of the *Cokenakes* court that *N.J.S.A.* 39:6A–11 requires multiple carriers to share the expense for the PIP benefits paid by the primary carrier on an equitable pro rata basis.

Affirmed.