DYANDRIA DAREL, PLAINTIFF–RESPONDENT, v. PENNSYLVA-
NIA MANUFACTURER'S INSURANCE COMPANY, S & N
LEASING CORP. AND DAVID WILKINSON, DEFENDANTS–
APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 15, 1987—Decided September 30, 1987.
Reargued June 1, 1988—Decided June 22, 1988.

Before Judges MICHELS, SHEBELL and A.M. STEIN.

*Robert F. Colquhoun,* II, argued the cause for appellants
(*Colquhoun & Colquhoun,* P.A., attorneys; *Robert F. Colquh-
oun,* on the letter brief).

*Dyandria Darel,* respondent, argued *pro se.*

The opinion of the court was delivered by

SHEBELL, J.A.D.

On our own motion for reconsideration of the within appeal
(see our opinion reported as *Darel v. Pa. Mfrs. Ins. Co.,* 220
*N.J.Super.* 156 (App.Div.1987)), we directed the attention of the
parties to the issue of "whether the 1983 amendment to *N.J.S.
A.* 39:6A–4 was in effect and operable so as to affect plaintiff's
rights on the date of the accident of November 9, 1983."

The amended provisions of *N.J.S.A.* 39:6A–4 were enacted as
part of the New Jersey Automobile Insurance Freedom of
Choice and Cost Containment Act of 1984. *L.*1983, *c.* 362.
Section 24 of *L.*1983, *c.* 362, as enacted on October 4, 1983,
provides:

> This act shall take effect immediately, but subsection a. of section 13 shall
> remain inoperative for 60 days following enactment; sections 1, 2, 2.1, 3, 4, 5, 6,
> 7, 8, 9, 10, 11, 12, 14.1, 15, 16, 17, 18, 19, 20, 21, 22 and 23 shall remain
> inoperative until January 1, 1984; and subsections b. and c. of section 13 and
> section 14 shall remain inoperative until July 1, 1984.

The Legislature thus specifically provided that § 7, which is applicable here, was to remain inoperative until January 1, 1984. The Legislature's intent as to the operative date of the amendment to § 7 is clear and unequivocal. Therefore, the amended, more restrictive provision of *N.J.S.A.* 39:6A–4 may not be applied to the accident in question. *See Colonial Penn Ins. Co. v. Allstate Ins. Co.,* 214 *N.J.Super.* 453, 456 (App.Div. 1986).

Plaintiff is therefore eligible to recover personal injury protection benefits even though she was not actually struck by a motor vehicle. We amend our original opinion accordingly. The judgment of the Law Division, including the award of counsel fees which we find to be within the sound discretion of the trial court, is affirmed.