230 N.J. Super. 505 (1989)
554 A.2d 1
PHYLLIS KORDELL, WIDOW OF RICHARD KORDELL, DECEASED, PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1989.
Decided February 1, 1989.
*506 Before Judges GAULKIN, BILDER and R.S. COHEN.
George J. Duffy argued the cause for appellant (Baker, Garber, Duffy & Pedersen, attorneys; George J. Duffy and Francis M. Womack, III on the brief).
Paul E. Kiel argued the cause for respondent (Harwood, Lloyd, Ryan, Coyle & McBride, attorneys; Gregory J. Irwin on the brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Plaintiff brought this action for PIP benefits after her husband died of occlusive coronary arteriosclerosis with acute myocardial infarction while stopped at a red light in his pickup truck. It is undisputed that there was no causal relationship between the death and the decedent's presence in the vehicle. On cross-motions for summary judgment, the Law Division held that there was no "accident" as the statute requires, and *507 therefore dismissed the complaint. Plaintiff appealed, and we now affirm.
The 1983 version of N.J.S.A. 39:6A-4, which was in effect at the time, required PIP benefits for the named insured and resident family members
who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile....
The Law Division held that decedent's death was from natural causes and therefore not the result of an accident. The same issue recently produced two conflicting published opinions of the Law Division. The first was JFK Memorial Hosp. v. Kendal, 205 N.J. Super. 456 (Law Div. 1985). There, death resulted from a cerebrovascular accident (stroke) while decedent was driving the insured automobile. The Law Division read the legislative intent of the No Fault Law to provide personal injury benefits for automobile-connected injuries and not "coverage for injuries occurring from the failure of the human body to function properly as a result of internal, not external causes." Id. at 460. Since an automobile was not a causative factor but only a place where decedent's stroke happened to occur, it was not an "accident."
Another Law Division judge ruled to the contrary in Schomber v. Prudential Ins. Co., 214 N.J. Super. 309 (Law Div. 1986), and awarded PIP benefits for a heart attack death causally unrelated to the victim's presence in an automobile. He pointed out that the No Fault Law does not define "accident," but that the general definition of accident is an unexpected, unintended happening. He held that there was a sufficient nexus between the heart attack and the automobile to furnish coverage.
In our case, the Law Division judge disagreed with Schomber on the thesis that decedent's natural death from a heart attack was not unforeseen, unexpected or unusual, but rather inevitable and therefore not an accident.
We agree that death from myocardial infarction unrelated to automobile travel is not the occasion for PIP benefits. We therefore overrule Schomber v. Prudential Ins. Co., 214 *508 N.J. Super. 309 (Law Div. 1986). Although such a death may be unforeseen, unexpected or unusual as to time or place, death itself is foreseen, expected and universal. If it results from natural processes unrelated to the victim's presence in an automobile, it is not an accident as the word is used in N.J.S.A. 39:6A-4.
We do not rest our affirmance, however, on our interpretation of the word "accident." We note that the statute uses different words to qualify named insureds and their resident family (Class I) for PIP benefits and to qualify passengers and permitted users (Class II). As originally enacted, N.J.S.A. 39:6A-4 gave Class I PIP benefits for "bodily injury as a result of an automobile accident," but gave Class II benefits for "bodily injury while occupying ... or while using such automobile with permission...." L. 1972 c. 70, § 4. The word "accident" does not appear in the Class II language. In the first amended version, Class I beneficiaries get PIP benefits for "bodily injury as a result of an accident involving an automobile," and the language applying to Class II remains unchanged. L. 1972, c. 230, § 3. Today's version requires for Class I "bodily injury as a result of an accident while occupying ... an automobile." L. 1983, c. 362, § 7. Class II language is still unchanged.
No reason appears why "accident" is omitted as to Class II beneficiaries or why passengers and permitted users should be more broadly covered than the named insured and resident family members. Compare Darel v. Pa. Manufacturer's Ins. Co., 220 N.J. Super. 156 (App.Div. 1986) with same case on reconsideration, 226 N.J. Super. 292 (App.Div. 1988). For many purposes, the No Fault Law affords named insureds and resident family better coverage than others. Sotomayor v. Vasquez, 109 N.J. 258, 266-267 (1988). There is key language in N.J.S.A. 39:6A-4 which treats all injured persons alike. Medical expense PIP benefits for all classes have always been limited by N.J.S.A. 39:6A-4a to expenses "incurred as a result of personal injury sustained in an automobile accident." Survivor *509 benefits for all classes are payable for death "sustained in an accident." N.J.S.A. 39:6A-4d. Funeral expense benefits for all classes are provided for death in an "accident." N.J.S.A. 39:6A-4e.
The Legislature has not been perfectly consistent in the words it has chosen to identify the persons and events that qualify for PIP benefits. The one plain guidepost has been the original and continuing legislative purpose to create a system of no-fault benefits to defray the costs of injuries generated by automotive travel. For that reason, only those injuries having a substantial nexus with the use of an automobile are covered. Where the automobile is merely an attending circumstance unrelated to the injury, PIP benefits are not available. Smaul v. Irvington General Hosp., 209 N.J. Super. 592, 594-595 (App. Div. 1986), aff'd 108 N.J. 474 (1987). The injury must be a natural or reasonable incident or consequence of the use of the automobile, and thus a risk against which one might reasonably expect PIP protection. Smaul v. Irvington General Hosp., 108 N.J. 474, 478 (1987). A death from coronary infarction fortuitously occurring in an insured vehicle is not a natural or reasonable incident or consequence of the use of the vehicle, and is therefore not an occasion for PIP benefits.
AFFIRMED.