242 N.J. Super. 638 (1990)
577 A.2d 1300
LOIS MORGAN, INDIVIDUALLY AND AS ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF ANN NANCE, DECEASED, PLAINTIFF-APPELLANT,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 2, 1990.
Decided July 18, 1990.
*639 Before Judges J.H. COLEMAN and BRODY.
Kenneth J. Fost argued the cause for appellant (Kenneth J. Fost, attorney; John E. Nolan, on the brief).
Randi S. Greenberg argued the cause for respondent (Robert A. Auerbach, attorney; Randi S. Greenberg, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
This is an action for the payment of personal injury protection (PIP) death benefits pursuant to N.J.S.A. 39:6A-4 (the statute). The decedent, a named insured in an automobile liability insurance policy issued by defendant, was shot to death by her estranged husband, a Newark Special Police Officer. At the time of the shooting, about 2:00 a.m., she was double parked. Her husband had just triple parked by parking his car next to hers. He then approached the driver's side of her car. At his criminal trial he testified that his wife reached out from her car and grabbed his service gun from its holster. As he *640 was trying to recover the gun, it accidentally fired a bullet into her head. Charged with murder, he was convicted of manslaughter.
Plaintiff contends that regardless of whether the shooting was intentional, it must be considered a covered "accident" under the statute, which provides in relevant part as follows:
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide personal injury protection coverage ... for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured... who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile. ... [Emphasis added.]
As appears from the emphasized portions of the statute, the definition of the required causal connection between the automobile and the accident is different for automobile liability coverage than for PIP coverage. As viewed by plaintiff, the issue is simply whether her decedent sustained bodily injury (which includes death) "as a result of an accident while occupying" the insured automobile. The trial judge disagreed and granted defendant's motion for summary judgment. We affirm.
The present statute replaced the broader statutory definition that afforded PIP coverage for "bodily injury as a result of an accident involving an automobile" with the more restrictive definition of coverage for "bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile." Uzcatequi-Gaymon v. N.J. Mfrs. Ins. Co., 193 N.J. Super. 71, 75-76, 472 A.2d 163 (App.Div. 1984). As we noted in Ingraham v. Travelers Companies, 217 N.J. Super. 126, 128-129, 524 A.2d 1319 (App.Div. 1987), aff'd o.b. 110 N.J. 67, 539 A.2d 733 (1988), the purpose of the statutory change was to "tighten statutory eligibility requirements," not to relax them. Thus the present statutory language was not intended to afford coverage where there had previously been none, but to deny coverage encompassed by the previous expression *641 "involving an automobile" if the injured person was not "occupying, entering into, alighting from or using an automobile."
Here the "injured" person was occupying the automobile, so she is not disqualified by the amendatory language of the statute. The question remains whether she is otherwise eligible. We will assume, as we did in Vasil v. Zullo, 238 N.J. Super. 572, 576-577, 570 A.2d 464 (App.Div. 1990) in similar circumstances, that the shooting was an "accident" even though it may have been intentional. We nevertheless conclude that there was no legal nexus between the shooting and the kind of risk covered by a policy that basically affords liability coverage for damages "arising out of ownership, operation and maintenance or use of an automobile...."
Uzcatequi-Gaymon, 193 N.J. Super. 71, 472 A.2d 163, was decided under the prior broader statutory definition of PIP coverage. There the insured was shot to death at 3:00 a.m. while using an outdoor telephone booth. His automobile was parked nearby. Robbers approached him and demanded that he surrender its ignition key. When he refused, they killed him. We said there:
For the purpose of this appeal we assume that plaintiff can prove that the car was parked next to the phone booth, that decedent had the car keys in his hand, that he was talking to his girlfriend over the telephone, that his automobile was very important to him, and that he was shot and killed by persons attempting to rob him of his car keys and his automobile. Nevertheless, in our view, while theft of the automobile may have been the ultimate object of the attack, from a legal viewpoint the automobile was not the cause of decedent's injuries and death. Rather, the cause of his injuries and death was the act of robbery committed by his assailants. That the automobile was the object of the robbery was merely an attending circumstance and did not transform this incident into "an accident involving an automobile" within the meaning of the [statute]. [Id. at 73, 472 A.2d 163.]
By deleting from the statute the words "an accident involving an automobile" and substituting the more restrictive language, the Legislature intended to reduce the instances of coverage, not to expand them by eliminating the requirement that an automobile must be a legal cause of the accident. See JFK *642 Memorial Hosp. v. Kendal, 205 N.J. Super. 456, 460, 501 A.2d 197 (Law Div. 1985).
We acknowledge that the decedent's presence in her automobile provided the setting for the killing and in some sense may have given the decedent's husband an enhanced opportunity to kill her. But an automobile must have something more to do with the "accident" if it is to be a legal cause. See Foss v. Cignarella, 196 N.J. Super. 378, 482 A.2d 954 (Law Div. 1984), where the issue was whether Cignarella's automobile liability policy covered him for stabbing Foss in the course of an altercation following an automobile accident between the parties. In holding that the stabbing did not arise out of the "use of an automobile," the definitional language of liability coverage, Judge Gaynor reasoned:
This act of Cignarella, however reprehensible and unfortunate, was not causally connected with his operation of the automobile. It did not originate from the use of the vehicle as such, nor can it be said that it arose out of, or was connected with, the inherent nature of the automobile. At best, the connection between plaintiff's injury and the insured vehicle was that Cignarella's use of the car permitted him to be at the place where he committed his attack upon plaintiff, or, "but for" his use of the automobile and the ensuing accident, the assault upon plaintiff would not have occurred. This is not the substantial nexus required between the use of the insured vehicle and the injury to impose liability upon the insurer. But even if it be considered that the stabbing was sufficiently related to the Cignarella vehicle as to constitute conduct arising from his use thereof, it would be unreasonable to conclude that the parties to the insurance contract contemplated that the policy would insure against such an incident. [Id. at 384, 482 A.2d 954.]
To be sure, PIP coverage is not the same as automobile liability coverage, which was the subject of Foss. The two are nevertheless related. We conclude that the Legislature intended PIP coverage to provide some protection to people injured in automobile accidents regardless of fault, but did not intend that PIP coverage provide protection to people injured in accidents for which there would not have been automobile liability coverage even if fault could be established.
Affirmed.