731 A.2d 91 (1999)
322 N.J. Super. 410
Charles SVENSON, Plaintiff-Respondent,
v.
NATIONAL CONSUMER INSURANCE COMPANY, a business entity authorized to do business in the State of New Jersey, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 10, 1999.
Decided June 29, 1999.
Randi D. Fraiman, for defendant-appellant (Zeller & Bryant, attorneys; Ms. Fraiman and Allen S. Zeller, Cherry Hill, on the brief).
Robert P. McKevitt, W. Long Branch, for plaintiff-respondent (Rosenberg & Kirby, Toms River, attorneys; Mr. McKevitt, on the brief).
Before Judges HAVEY, PAUL G. LEVY[1] and LESEMANN.
*92 The opinion of the court was delivered by HAVEY, P.J.A.D.
By leave granted,[2] defendant National Consumer Insurance (NCI), appeals from an order requiring it to pay personal injury protection (PIP) benefits to plaintiff, its insured. Plaintiff sustained injuries while a passenger in a tow truck which was transporting his disabled vehicle. The trial court concluded that, although plaintiff was not in the insured vehicle when the accident occurred, he was nevertheless entitled to PIP coverage because he was involved in an accident resulting from the "use" of the insured vehicle. We agree and affirm.
The pertinent facts are undisputed. On August 9, 1996, plaintiff's vehicle broke down on the Garden State Parkway. A tow truck responded and retrieved the disabled vehicle. While the tow truck was transporting the vehicle, it struck a concrete barrier at the Toms River Toll Plaza. Plaintiff, a passenger in the truck, sustained personal injuries as a result of the collision.
NCI, plaintiff's automobile insurer, made payments on behalf of plaintiff up to the $10,000 limit of medical payments coverage available under his policy. However, NCI denied plaintiff's request for PIP benefits. Plaintiff filed a complaint and order to show cause demanding PIP benefits. The trial court entered judgment in plaintiff's favor, concluding:
[T]he determination of P.I.P. coverage does not depend on the ownership, maintenance, or use of the automobile but rather on whether the injuries resulted from an accident involving an automobile. In the present case, although the plaintiff was not in the automobile covered by the insurance policy in question, he was involved in an automobile accident that resulted during the towing of the insured vehicle. Therefore, the plaintiff is entitled to P.I.P. coverage.
NCI contends that plaintiff is not entitled to PIP benefits because plaintiff's injuries did not arise out of the "use" of plaintiff's vehicle, in that his "use" had concluded when the vehicle became disabled and it was merely being carried on the flat bed tow truck at the time of the accident.
New Jersey's Automobile Reparation Reform Act (No-Fault Law) requires insurers to provide PIP benefits to their policyholders or families for injuries sustained "as a result of an accident while occupying, entering into, alighting from or using an automobile." N.J.S.A. 39:6A-4. Our courts have consistently held that a PIP insured's injury need not be "directly or proximately caused by the automobile itself or by its motion or operation." Smaul v. Irvington Gen. Hosp., 209 N.J.Super. 592, 595, 508 A.2d 1147 (App. Div.1986), aff'd 108 N.J. 474, 530 A.2d 1251 (1987). Instead, "[t]here need only be a substantial nexus between the injury and the use of the car." Ibid. Because "causal connection" in a narrow sense is not the appropriate test, our courts have, on several occasions, found insureds entitled to PIP benefits where it cannot be said that the use of an automobile "caused" their injuries.
For example, in Smaul, supra, the plaintiff sustained injuries after he stopped his automobile to ask for directions and was assaulted by two men. While plaintiff was seated in his vehicle, one of the men pulled him out of the vehicle, whereupon both assailants robbed and stabbed him. Id. at 594, 508 A.2d 1147. We sustained a trial court order awarding plaintiff benefits while acknowledging that if a more restrictive view of causation were employed, plaintiff's injuries could not "be said to have resulted from an accident within the *93 meaning of the statute." Id. at 595, 508 A.2d 1147. Nevertheless, we found the statutory test satisfied under the prevailing "substantial nexus test." In finding the nexus, we noted that plaintiff's injury, was foreseeable: "[i]t is an unfortunate truth that in these times the sort of attack to which plaintiff was subjected is not uncommon." Id. at 596, 508 A.2d 1147.
The Supreme Court affirmed our decision, adding:
[T]here was direct involvement of the automobile in the accident: plaintiff sought directions so that he could drive his car to his destination, he was sitting in his car when the assault occurred, and a purpose of the assailantsnot emphasized by either court below but acknowledged in Allstate's Statement of Facts was to steal the car after yanking plaintiff out of the driver's seat.... Surely the automobile was not merely coincidental to the critical events or a mere "attending circumstance": its role was central to the incident. We see no reason rooted in either public policy or statutory interpretation why the fact that a criminal act was involved in the accident should deprive the plaintiff of PIP benefits.

[108 N.J. at 478-479, 530 A.2d 1251.]
In a similar vein, the Supreme Court concluded that a plaintiff who sustained serious injuries in a drive-by shooting was entitled to PIP benefits under his father's automobile insurance policy. Lindstrom v. Hanover Ins. Co., 138 N.J. 242, 246, 649 A.2d 1272 (1994). In determining whether the facts revealed a substantial nexus between the accident and the use of an automobile, the Court applied the following test earlier developed in the liability-coverage context in Westchester Fire Ins. Co. v. Continental Ins. Co., 126 N.J.Super. 29, 312 A.2d 664 (App.Div.1973), aff'd o.b., 65 N.J. 152, 319 A.2d 732 (1974):
[T]he inquiry should be whether the negligent act which caused the injury, although not foreseen or expected, was in the contemplation of the parties to the insurance contract a natural and reasonable incident or consequence of the use of the automobile, and thus a risk against which they might reason-ably expect those insured under the policy would be protected.

[126 N.J.Super. at 38, 312 A.2d 664.]
The Court concluded that there was a demonstrable nexus between plaintiff's injuries and the use of the automobile:
In our view the automobile did more than provide a setting or an enhanced opportunity for the assault. In addition to allowing the assailant to be at the place of the attack, it furnished the assailant with what he must have assumed would be both anonymity and a means of escape.
[Lindstrom, supra, 138 N.J. at 252, 649 A.2d 1272.]
The Court further noted that the plaintiff's injuries were foreseeable, given the unfortunate reality that drive-by shootings had become an increasingly common part of American life. Ibid. Accordingly, the Court ordered defendant to provide PIP benefits to the plaintiff.
We most recently applied these principles in Stevenson v. State Farm Indem. Co., 311 N.J.Super. 363, 709 A.2d 1359 (App.Div.1998). There, we upheld the plaintiffs' entitlement to PIP benefits where the claimants sustained serious injuries in separate car-jacking incidents. Id. at 375-78, 709 A.2d 1359. In both cases, the claimants were shot while inside their vehicles, by a passenger during an attempted car-jacking. Id. at 370, 709 A.2d 1359. We noted that car-jacking, like drive-by shootings, has become increasingly common. Id. at 375, 709 A.2d 1359. Because the claimants injuries were foreseeable, we concluded that they "reasonably could have expected to receive PIP benefits," ibid., and that the vehicular "nexus" was both demonstrable and undeniable. Id. at 377-78, 709 A.2d 1359.
The substantial nexus test is not without limits. "Accidents that do not arise out of *94 the use of an automobile or are not of the type that are within the contemplation of the parties do not fulfill the test's requirements." Lindstrom, supra, 138 N.J. at 251, 649 A.2d 1272. For example, in Uzcatequi-Gaymon v. New Jersey Mfrs. Ins. Co., 193 N.J.Super. 71, 75, 472 A.2d 163 (App.Div.1984), we held that the fact that the shooters of a man using a public telephone intended to steal his vehicle was an insufficient nexus to support PIP coverage.
Similarly, we denied PIP benefits to the estate of a passenger of a vehicle who was stabbed to death in an altercation with occupants of a second vehicle, Vasil v. Zullo, 238 N.J.Super. 572, 570 A.2d 464 (App.Div.1990), concluding that the stabbing did not occur while the decedent was "occupying, entering into, alighting from or using an automobile." Id. at 577, 570 A.2d 464. Instead, we found that the accident occurred after the decedent voluntarily exited the driver's vehicle for a purpose unrelated to the use of his vehicle. Ibid. We distinguished the circumstances surrounding the plaintiff's case to those situations where a non-occupant could be entitled to PIP coverage:
A non-occupant of a vehicle may be found to have been "using" the vehicle in which he was riding or driving while examining the damage sustained in an accident or while pushing the vehicle from the roadway to the shoulder. Such conduct constitutes normal use of an automobile which has been involved in an accident or has broken down. In contrast, a verbal or physical confrontation with the occupants of another vehicle is not part of the normal use of an automobile.

[Ibid. (citations omitted).]
See also Morgan v. Prudential Ins. Co., 242 N.J.Super. 638, 641, 577 A.2d 1300 (App.Div.) (finding no legal nexus between the shooting of the insured by her estranged husband and her use of her vehicle), certif. denied, 122 N.J. 370, 585 A.2d 377 (1990); Kordell v. Allstate Ins. Co., 230 N.J.Super. 505, 509, 554 A.2d 1 (App.Div.) ("[a] death from coronary infarction fortuitously occurring in an insured vehicle is not a natural or reasonable incident or consequence of the use of the vehicle, and is therefore not an occasion for PIP benefits"), certif. denied, 117 N.J. 43, 563 A.2d 813 (1989).
Here, plaintiff's injuries are compensable because the potential for a vehicular breakdown and need for tow service is a foreseeable consequence of the use of an automobile. Indeed, the Law Division in Hartford Acc. & Indem. Co. v. Travelers Ins. Co., 167 N.J.Super. 335, 400 A.2d 862 (Law Div.1979), held that the towing of a vehicle constituted a "use" of the towed vehicle so as to afford liability coverage to the tow truck operator under the policy on the towed vehicle. The court observed:
The towing of a vehicle is neither a rare nor unforeseeable event. Quite to the contrary, the prospect of vehicular breakdowns occurring from a multitude of causes requiring the need for towing is entirely within the realm of reasonable foreseeability by owners and operators of vehicles on our roadways.

[Id. at 344, 400 A.2d 862.]
NCI would have us deny plaintiff PIP benefits solely because plaintiff was not physically in his vehicle at the time of the accident. This restrictive view is clearly at odds with the Legislature's intent to ensure "the broadest coverage possible so long as an automobile was involved in that which happened." Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Estate of Miller, 185 N.J.Super. 183, 187, 447 A.2d 1344 (App.Div.1982). Plaintiff's automobile was not merely coincidental to the critical events; it was directly involved in the circumstances which resulted in his injuries. Smaul, supra, 108 N.J. at 479, 530 A.2d 1251. For these reasons, the circumstances giving rise to plaintiff's injuries can fairly be said to have been in the contemplation of both plaintiff and defendant when they entered into the insurance contract. See Hartford, supra, 167 N.J.Super. at 344, 400 A.2d 862 ("the towing *95 of a vehicle is an employment of that vehicle in a manner clearly within the contemplation of the parties to an insurance contract"). Therefore, it is reasonable to expect that the risk which caused plaintiff's injuries is one which his policy would protect him against. Westchester Fire Ins. Co., supra, 126 N.J.Super. at 38, 312 A.2d 664.
Affirmed.
NOTES
[1] Although Judge Levy did not participate in oral argument, the parties have consented to his participation in this decision.
[2] The order appealed from is interlocutory, since the issue of the amount of benefits owed to plaintiff has not been decided.