**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1679-23

SHANI HARRELL,

     Plaintiff-Appellant,

v.

MODY MANAGEMENT, LLC, d/b/a
DUNKIN', DUNKIN' BRANDS
GROUP, INC., DUNKIN' BRANDS
INC., INSPIRE BRANDS,
and DUNKIN' DONUTS
FRANCHISING, LLC,

     Defendants,

and

PROGRESSIVE GARDEN
STATE INSURANCE COMPANY,

     Defendant-Respondent.

_____

Argued October 9, 2024 – Decided October 23, 2024

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3202-22.

Ana Rita Ferreira argued the cause for appellant (Starr, Gern, Davison & Rubin, PC, attorneys; Ana Rita Ferreira, of counsel and on the brief).

Allison L. Silverstein argued the cause for respondent (Vella & Maren, attorneys; Allison L. Silverstein, on the brief).

PER CURIAM

Plaintiff, Shani Harrell, appeals the trial court's order granting summary judgment in favor of defendant Progressive Garden State Insurance Company and denying her personal injury protection (PIP) benefits. Plaintiff suffered severe burns to her body after a restaurant employee spilled a hot beverage on her at a Dunkin' Donuts drive-through. She applied for PIP benefits under her insurance policy, and defendant denied coverage.

Plaintiff sued, and both parties moved for summary judgment on the question of coverage. The trial court ultimately granted summary judgment for defendant, finding plaintiff was not operating her vehicle at the time she was injured, and that there was no "causal relationship" between plaintiff's use of the vehicle and her injuries.

We reverse for the reasons which follow.

I.

The record shows that plaintiff was stopped in the drive-through of a Dunkin' Donuts while purchasing hot tea. When the tea was passed to her through the driver's side window, the beverage cup and its top became dislodged from the holder, and the contents spilled into the driver's compartment of the car onto plaintiff. The hot liquid flowed into plaintiff's lap, between her legs, and onto the seat beneath her, burning her.

Plaintiff subsequently filed a claim for PIP benefits pursuant to her auto insurance policy with defendant. Page 7 of her policy contains the relevant language. It states:

> Part II-PERSONAL INJURY PROTECTION (PIP) COVERAGE
>
> . . . .
>
> Subject to the Limits of Liability . . . we will pay benefits incurred because of bodily injury caused by an accident and sustained by an injured person:
>
> while occupying, entering into, alighting from, getting on, getting off of, loading, unloading, or using an automobile . . . .

A-1679-23

Defendant denied the claim, stating, "there is no connection between the injuries being claimed and any qualifying automobile." Defendant further stated that plaintiff's injuries were not the "result of occupying, entering into, alighting from or using an automobile," under N.J.S.A. 39:6A-4 and plaintiff's policy.

Plaintiff sued, seeking coverage and corresponding benefits under the policy, including personal injury protection, wage loss, and essential service benefits.

The parties cross-moved for summary judgment, and the trial court initially denied both motions. After cross-motions for reconsideration, the parties stipulated to the facts and sought a declaration of coverage under the policy.

The trial court found that "there [was] no nexus between the use of the automobile and the injuries that. . . subsequently occurred and that the car was not being operated at the time of the injury." The trial court then issued two orders. In its first order, the trial court granted defendant's cross-motion for reconsideration and granted defendant summary judgment. In a second order, the trial court denied plaintiff's motion for reconsideration.

Plaintiff appeals both orders, arguing before us that the trial court misapplied N.J.S.A. 39:6A-4 and its related substantial nexus jurisprudence.

## II.

We use an abuse of discretion standard to review a trial court's reconsideration orders. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)).

In reviewing a trial court's decision to grant or deny a motion for summary judgment de novo, appellate courts apply the same standard governing the trial courts. Boyle v. Huff, 257 N.J. 468, 477 (2024) (citing Samolyk v. Berthe, 251 N.J. 73, 78 (2022)). Under these standards, courts should grant a motion for summary judgment if they find that "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46–2(c). "When no issue of fact exists, and only a question of law remains, [appellate courts] afford[] no special deference to the legal determinations of the trial court." Boyle, 257 N.J. at 477 (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

We review matters of statutory interpretation de novo. Verry v. Franklin Fire Dist. No. 1, 230 N.J. 285, 294 (2017). Courts "look first to the plain

language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen." McGovern v. Rutgers, 211 N.J. 94, 108 (2012).

III.

Plaintiff argues that "the [t]rial [c]ourt failed to apply the plain language of N.J.S.A. 39:6A-4 and well-established law setting forth the 'substantial nexus' test." We look to the relevant section of the statute, which states:

> [E]very standard automobile liability insurance policy issued or renewed . . . shall contain personal injury protection benefits for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustain bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile, or as a pedestrian, caused by an automobile or by an object propelled by or from an automobile, and to other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with permission of the named insured.

Section 4 of New Jersey's Automobile Insurance Cost Reduction Act ("AICRA")[1] requires insurers "to provide PIP benefits to their policyholders or families for injuries sustained 'as a result of an accident while occupying, entering into, alighting from or using an automobile.'" Svenson v. Nat'l

---

[1] N.J.S.A. 39:6A–1.1 to –35.

A-1679-23

Consumer Ins. Co., 322 N.J. Super. 410, 413 (App. Div. 1999).  Our Supreme

Court has held that AICRA "afford[s] the 'broadest possible coverage'" to

"ensur[e] that persons injured in automobile accidents will receive medical care

and that the bills for that care will be promptly paid."  Bardis v. First Trenton

Ins. Co., 199 N.J. 265, 278 (2009).  Therefore, "courts must favor the insured

and find coverage if possible."  Lindstrom by Lindstrom v. Hanover Ins. Co. ex

rel. N.J. Auto. Full Ins. Underwriting Ass'n, 138 N.J. 242, 249 (1994).

To determine whether an insured party is covered by N.J.S.A. 39:6A-4,

we must decide "whether the facts reveal a substantial nexus between [an]

accident and the use of an automobile . . . ."  Ibid.

"Under PIP claims, 'whether an event constitutes an 'accident' must be

determined from the perspective of the victim.'"  Ibid. (quoting Pa. Nat'l Mut.

Cas. Ins. Co. v. Estate of Miller, 185 N.J. Super. 183, 187-88 (App. Div. 1982)).

'Accidents' in the context of N.J.S.A. 39:6A-4 include negligent and intentional

acts that produce an injury.  Lindstrom, 138 N.J. at 250.

When determining whether a substantial nexus between an accident and

the use of an automobile exists, we ask:

> [W]hether the negligent act which caused the injury,
> although not foreseen or expected, was in the
> contemplation of the parties to the insurance contract a
> natural and reasonable incident or consequence of the

use of the automobile, and thus a risk against which they might reasonably expect those insured under the policy would be protected.

[Ibid. (quoting Westchester Fire Ins. Co. v. Cont'l Ins. Cos., 126 N.J. Super. 29, 38 (App. Div. 1973)).]

To perform this analysis, we look to the foreseeability of the injury based on the use of the automobile. We have included the intentional torts of third parties in that zone of foreseeability. See Stevenson v. State Farm Indem. Co., 311 N.J. Super. 363, 375 (App. Div. 1998); Lindstrom, 138 N.J. at 252; Smaul v. Irvington Gen. Hosp., 108 N.J. 474, 478 (1987).[2]

We note, however, "[t]he substantial nexus test is not without limits." Svenson, 322 N.J. Super. at 415. "Accidents that do not arise out of the use of an automobile or are not of the type that are within the contemplation of the parties do not fulfill the [substantial nexus] test's requirements." Lindstrom, 138 N.J. at 251. See Vasil v. Zullo, 238 N.J. Super. 572, 577 (App. Div. 1990); Kordell v. Allstate Ins. Co., 230 N.J. Super. 505, 509 (App. Div. 1989);

_____

[2] The "substantial nexus" test does not require a 'causal connection' between the use of the automobile and the accident. See Svenson, 322 N.J. Super. at 413; Smaul, 108 N.J. at 477 (quoting Westchester Fire Ins. Co., 126 N.J. Super. at 37) ("[An] insurance policy [under N.J.S.A. 39:6A-4] does not require that the injury be directly or proximately caused by the automobile itself or by its motion or operation.").

A-1679-23

Uzcatequi-Gaymon v. New Jersey Mfrs. Ins. Co., 193 N.J. Super. 71, 75 (App. Div. 1984); Foss v. Estate of Cignarella, 196 N.J. Super. 378 (Law Div. 1984).

We begin by noting that there is no dispute on the material facts. Therefore, our analysis turns solely on the legal question of whether, on this record, plaintiff is entitled to PIP benefits under N.J.S.A. 39:6A-4 and the terms of the insurance contract she purchased from defendant. R. 4:46–2(c). That question requires us to consider whether a substantial nexus existed between the accident plaintiff suffered and her use of the car. Lindstrom, 138 N.J. at 250.

Plaintiff suffered injuries when the hot tea spilled and burned her as it was passed into her car. When we apply these uncontroverted facts to the plain language of N.J.S.A. 39:6A-4, the answer to the legal question before us reveals itself. Plaintiff obviously occupied her vehicle, as the record shows she was sitting in the driver's seat at the time she was injured. Plaintiff clearly used her vehicle to acquire her hot beverage from a business that expressly offers customers the option to pick up their food and drinks while remaining in their cars.[3] Because plaintiff's injuries were a "natural and reasonable . . .

---

[3] Drive-throughs are commonly used in the United States. See The Quantum Pulse, QSR Drive-Thru Sector (Apr. 2021), www.qreadvisors.com/wp-content/uploads/2021/04/Tenant-Spotlight-QSR-Drive-Thru-2.pdf ("Americans visit drive-thru lanes about 6 billion times each year according to some statistics.").

consequence" of the use of her car, it follows that a substantial nexus existed between the burn incident and her vehicle use. Westchester Fire Ins. Co., 126 N.J. Super. at 38.

We disagree with defendant's argument that plaintiff is not entitled to PIP benefits because her vehicle was merely the location of her injuries and not a contributory factor. We have rejected this approach. The substantial nexus test "does not require that the injury be directly or proximately caused by the automobile itself or by its motion or operation." Smaul, 108 N.J. at 477 (quoting Westchester Fire Ins. Co., 126 N.J. Super. at 37). See Svenson, 322 N.J. Super. at 416; Ohio Cas. Grp. of Ins. Cos. v. Gray, 323 N.J. Super. 338, 341 (App. Div. 1999); Clyburn v. Liberty Mut. Ins. Co., 214 N.J. Super. 644, 648-49 (App. Div. 1987).

We conclude that plaintiff was covered under her insurance policy's PIP terms. We reverse the orders granting defendant reconsideration and summary judgment. We also reverse the orders denying reconsideration and summary judgment to plaintiff. We remand to the trial court to enter judgment for plaintiff as a matter of law on the coverage question, and for further proceedings consistent with this opinion. R. 4:46–2(c).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1679-23