192 N.J. Super. 361 (1983)
470 A.2d 22
GREGORIO AYALA QUINTANA, PLAINTIFF-APPELLANT,
v.
JUAN R. BRAMBILA, DOMINGO FUERTES, AND NATIONWIDE MUTUAL FIRE INSURANCE CO., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1983.
Decided December 15, 1983.
*362 Before Judges BISCHOFF, PETRELLA and BRODY.
Linda T. Pirolli argued the cause for appellant (Theodore Henry Ritter, attorney; Linda T. Pirolli on the brief).
John Varjabedian argued the cause for respondents.
The opinion of the court was delivered by BRODY, J.A.D.
Before us for review is a summary adjudication that defendant Nationwide Mutual Fire Insurance Company (Nationwide) is not obliged to furnish plaintiff personal injury protection (PIP) benefits. Although the underlying negligence issues remain, the trial judge designated his order final in accordance with the *363 provisions of R. 4:42-2 in order to enable plaintiff to take this appeal.
Plaintiff was a passenger in defendant Brambila's automobile when it was involved in an accident in New Jersey while being driven by defendant Fuertes. Brambila was a resident of the State of Florida where the vehicle was registered and where Nationwide wrote the "Personal Auto Policy" in question. In accordance with Florida law[1] PIP coverage is not afforded under Nationwide's policy for accidents occurring outside the State of Florida except to the named insured and his relatives. Plaintiff is not a relative.
The judge rejected plaintiff's contention that under principles of choice-of-law Nationwide's policy must conform to mandatory New Jersey PIP coverage. That coverage must be provided not only to the named insured and members of his family residing in *364 his household, but also to "other persons sustaining bodily injury while occupying the automobile of the named insured ... and to pedestrians." N.J.S.A. 39:6A-4. Applying the criteria set out in State Farm Automobile Ins. Co. v. Simmons' Estate, 84 N.J. 28 (1980), the judge concluded "that New Jersey did not have a more significant and dominant relationship with the contracting parties than did Florida, and the enforcement of the particular provision of the subject policy in this case would not subserve the public policy or governmental interests of this state." We affirm. Our reasoning, however, differs from the trial judge's because he was mistaken in perceiving a need to choose between the law of New Jersey and the law of Florida.
In Simmons the Court enumerated the factors to be considered in deciding whether a "significant relationship" exists with a state other than the state where a contract is made in order to justify departing from the general rule of applying lex loci contractus. As to an automobile insurance policy, a choice of law must be made only if there is a conflict in the way each state interprets the policy. The conflict in Simmons was in the interpretation of the "express or implied consent" clause relating to coverage where the operator in his use of the vehicle exceeds the scope of consent initially given by the named insured.
Here there is no conflict in the interpretation of the policy. There is simply a difference in each state's statutory requirements for minimum PIP benefits that must be provided in policies for each state's automobiles. New Jersey's requirements apply to automobiles "registered or principally garaged" in New Jersey. N.J.S.A. 39:6A-3 and 4; Stewart v. Nationwide Ins. Co., 171 N.J. Super. 457 (App.Div. 1979), certif. den. 82 N.J. 302 (1980). Florida's requirements apply to automobiles "registered ... or physically present within [Florida] for more than 90 days during the preceding 365 days...." Fla. Stat. Ann. § 627.733 (West Cum.Supp. 1983). A difference in the breadth of PIP coverage required by New Jersey for its automobiles and Florida *365 for its automobiles, does not produce a conflict as to a particular automobile's mandatory coverage so there is no need to choose between New Jersey and Florida law. A Florida court recently reached the same result using the same reasoning in the case of a Florida accident involving an automobile insured in Massachusetts. Julian v. Johnson, 438 So.2d 503 (Fla. Dist. Ct. App. 1983).
Plaintiff now claims that a conflict exists because while Brambila's automobile was registered in Florida at the time of the accident, it was principally garaged in New Jersey and was therefore subject to the insurance requirements of both states. That issue was not before the trial judge. The evidence submitted on the motion is too sparse to determine summarily where the automobile was principally garaged. While there is evidence that Brambila had lent the automobile to Fuertes, a New Jersey domiciliary, some months before the accident, there is also evidence that it was about to be returned to Brambila in Florida. The policy in force at the time of the accident contains a declaration that the automobile is "principally garaged" at Brambila's Florida address.
We need not remand, however, because even if the automobile was principally garaged in New Jersey and therefore Brambila did not carry the broader PIP coverage required by New Jersey, it does not follow that we should write the additional coverage into Nationwide's Florida policy. What does follow is that the automobile was uninsured as to PIP benefits for plaintiff thereby entitling him to receive PIP benefits under the Unsatisfied Claim and Judgment Fund Law. N.J.S.A. 39:6-86.1.[2]Cf. Flanagan v. Foster, 182 N.J. Super. 282, 287 (App.Div. *366 1981), certif. den. 89 N.J. 431 (1982) (PIP benefits under the Unsatisfied Claim and Judgment Fund Law not recoverable where automobile was registered and principally garaged in Pennsylvania). Thus, regardless of where Brambila's automobile was principally garaged at the time of the accident, Nationwide is not liable to plaintiff for PIP benefits.
Affirmed.
NOTES
[1] FLA. STAT. ANN. § 627.736(4)(d) (West Cum.Supp. 1983) which provides:

The insurer of the owners of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.
2. Accidental bodily injury sustained outside this state, but within the United States of America or its territories or possessions or Canada, by the owner while occupying the owner's motor vehicle.
3. Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1. or subparagraph 2., provided the relative at the time of the accident is domiciled in the owner's household and is not himself the owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741.
4. Accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle or, if a resident of this state, while not an occupant of a self-propelled vehicle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
a. The owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741, or
b. Entitled to personal injury benefits from the insurer of the owner or owners of such a motor vehicle.
[2] N.J.S.A. 39:6-86.1 provides in part:

When any person qualified to receive payments under the provisions of the "Unsatisfied Claim and Judgment Fund Law," suffers bodily injury or death arising out of the ownership, maintenance, operation or use of an automobile, as defined in P.L. 1972, c. 70, registered or principally garaged in this State for which personal injury protection benefits under the "New Jersey Automobile Reparation Reform Act" would be payable to such person if personal injury protection coverage were in force and the damages resulting from such automobile accident or deaths are not satisfied due to the personal injury protection coverage not being in effect with respect to such automobile accident, then in such event the Unsatisfied Claim and Judgment Fund shall provide, under the following conditions, the following benefits:
[description of PIP benefits and exceptions]