214 N.J. Super. 644 (1987)
520 A.2d 829
RALPH CLYBURN, PLAINTIFF-APPELLANT,
v.
LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT, AND NORTH RIVER INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1986.
Decided January 21, 1987.
Before Judges ANTELL, BRODY and LONG.
Steven L. Hess, for appellant (Suzette Pintard, on the brief).
*645 William V. Roveto argued the cause for respondent (Moser, Roveto, McGough & Von Schaumburg, attorneys; Jane H. Minichiello, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
The trial judge dismissed this action against respondent automobile insurance carrier for Personal Injury Protection (PIP) benefits. Plaintiff was struck and injured by a New Jersey automobile that respondent had insured (the insured automobile). Just before the accident plaintiff had been a passenger in a New York automobile owned by Lena Reid when it was in a minor collision that did not injure him. Plaintiff was standing outside the Reid automobile inspecting the damage caused by the collision when the insured automobile struck him. Plaintiff settled his personal injury action against the owners and the operators of both automobiles. The release he gave those parties provided, "This release is exclusive of Personal Injury Protection benefits."
Plaintiff is not entitled to PIP benefits from the carrier of the Reid automobile because under the law of New York, where the Reid automobile was registered and principally garaged, a carrier need not, and Reid's carrier did not, afford plaintiff PIP coverage. See Quintana v. Brambila, 192 N.J. Super. 361 (App.Div. 1983).
Respondent contends that it is not liable for PIP benefits because at the time he was struck by the insured automobile plaintiff was "occupying" the Reid automobile. Plaintiff denies that contention and argues that he was a "pedestrian" when the insured automobile struck him. The dispute is not factual. The parties agree that at the time of impact plaintiff was standing outside the Reid automobile, inspecting the damage it had just sustained. The dispute is over the meaning of "occupying," a word that is used but not defined in the New Jersey Automobile Reparation Reform Act (the act), N.J.S.A. 39:6A-1 et seq.
*646 N.J.S.A. 39:6A-3 requires "[e]very owner or registered owner of an automobile registered or principally garaged in this State" to carry minimum automobile liability insurance. N.J.S.A. 39:6A-4 requires that every such policy provide PIP benefits regardless of fault
to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile, or as a pedestrian, being struck by an automobile or by an object propelled by or from an automobile, to other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with the permission of the named insured, and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.
N.J.S.A. 39:6A-2h defines "pedestrian" in relevant part as "any person who is not occupying, entering into, or alighting from a vehicle...."
Plaintiff argues that by not being in the Reid automobile at the time of the accident he was a pedestrian because he was "not occupying ... a vehicle." Respondent argues that we should adopt the broad definition given the word "occupying" in Newcomb Hospital v. Fountain, 141 N.J. Super. 291 (Law Div. 1976), where the court held that the plaintiff remained an occupant of his automobile and was therefore entitled to PIP benefits from its insurer even though he had left the vehicle to watch a service station attendant adding water to its radiator. The plaintiff in that case was injured when gasoline that had inadvertently been mixed with the water caused the radiator to explode.[1] The court found it significant that the plaintiff was only temporarily out of the automobile, was engaged in some activity associated with the automobile, and had intended to return to the automobile to continue his journey. Id. at 295.
*647 Plaintiff counters that the court in Newcomb gave "occupying" a broad definition in order to comply with the statutory mandate that the act "shall be liberally construed so as to effect the purpose thereof." N.J.S.A. 39:6A-16. Commenting on that mandate, our Supreme Court has stated that "PIP coverage should be given the broadest application consistent with the statutory language." Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90 (1981). As demonstrated by this case, however, defining "occupying" broadly to afford PIP coverage by the carrier of one New Jersey automobile can have the effect of removing PIP coverage by the carrier of another New Jersey automobile. One cannot be "occupying" and "not occupying" an automobile at the same time. Thus broadening the definition of "occupying" to afford PIP coverage by the carrier of an automobile an injured party was using at the time of the accident will narrow the definition of "not occupying," thereby depriving the injured party of his status as a pedestrian and consequently his entitlement to PIP coverage by the carrier of an automobile that strikes and injures him. We reject plaintiff's argument that a court must interpret "occupying" either broadly or narrowly, depending upon which interpretation will afford coverage.
The Legislature used the word "occupying" in company with "entering into, or alighting from a vehicle." The latter concepts bracket the concept of occupying and thereby infuse it with the meaning intended by the Legislature. A person is "occupying" a vehicle after "entering into" it and before "alighting from" it. If a person is not in an automobile, he is not occupying it in the statutory sense. Having alighted from the New York automobile before the accident, plaintiff was "not occupying" it when he was struck and was therefore a pedestrian entitled to PIP benefits from the carrier of the automobile that struck him.
We are not bound to use the broad definition of "occupying" found in Mondelli v. State Farm Mut. Auto. Ins. Co., 102 N.J. *648 167 (1986). There the insured automobile was parked at the curb. The injured person was struck by another automobile while he was in the street leaning his arm on the roof of the insured automobile while talking to his girlfriend who was behind the wheel. The driver of the automobile that struck the plaintiff drove off without stopping. The policy afforded uninsured motorist coverage to a person "occupying an insured highway vehicle." The policy defined "occupying" to mean "in or upon or entering into or alighting from." The Court held that the injured person was "upon" the insured vehicle and was therefore occupying it. Mondelli is distinguishable. The policy definition of "occupying" in Mondelli included being "upon" the insured vehicle and the Court was concerned with the meaning of "upon." That word is not present in either the statutory or policy definitions with which we are concerned.
We do not mean to leave the impression that a person injured while using a New Jersey automobile cannot look to the carrier of that automobile for PIP benefits unless at the time of the accident he was occupying, entering into or alighting from the automobile. As noted, N.J.S.A. 39:6A-4 requires a carrier to provide PIP coverage to any person who is "occupying, entering into, alighting from or using the automobile of the named insured." (Emphasis added.) The definition of "pedestrian" excludes a person who is "occupying, entering into, or alighting from a vehicle" but does not exclude a person who is otherwise "using" a vehicle. Thus a person "using" but "not occupying, entering into or alighting from a vehicle" is entitled as a pedestrian to PIP benefits from the carrier of a New Jersey automobile that strikes him or from the carrier of any other New Jersey automobile that he was using at the time. N.J.S.A. 39:6A-4.2 prohibits recovery from both.[2]
The plaintiff in Newcomb who was watching a service station attendant pour gasoline into his radiator was not then occupying his automobile. We therefore disapprove of the reasoning *649 used in that case, but subscribe to its result. Though "not occupying" his automobile, the plaintiff there was "using" it. Similarly the plaintiff here was "using" the Reid automobile when he was struck and injured while examining the damage it had sustained. See Motor Club Fire & Casualty Co. v. N.J. Manu. Ins. Co., 73 N.J. 425, 436-437 (1977), for a discussion of the broad meaning of "use" in the Motor Vehicle Security-Responsibility Law. N.J.S.A. 39:6-46. However, he did not thereby lose his status as a pedestrian and remains entitled to PIP benefits from respondent, the carrier of the automobile that struck him and caused his injuries.
Reversed and remanded for entry of judgment consistent with the parties' stipulation of damages and for a determination of plaintiff's application for attorney's fees. R. 4:42-9(a)(6). Maros v. Transamerica Insurance Co., 76 N.J. 572 (1978).
NOTES
[1] The court held alternatively that if the plaintiff was "not occupying" the insured automobile he was a "pedestrian" entitled to PIP from the same carrier because he was "struck by an object propelled by or from" the insured automobile, a basis of recovery under N.J.S.A. 39:6A-4. Newcomb, 141 N.J. Super. at 295-296.
[2] N.J.S.A. 39:6A-4.2 provides:

The personal injury protection coverage of the named insured shall be the primary coverage for the named insured and any resident relative in the named insured's household who was not a named insured under an automobile insurance policy of his own. No person shall recover personal injury protection benefits under more than one automobile insurance policy for injury sustained in any one accident.