570 A.2d 1280

BRIAN W. SPRAGUE, A MINOR BY HIS G/A/L RUTH SPRAGUE
AND RUTH SPRAGUE, INDIVIDUALLY, PLAINTIFFS–APPEL-
LANTS, v. NIAGARA FIRE INSURANCE COMPANY, DEFEN-
DANT–RESPONDENT, AND RIDER INSURANCE COMPANY,
DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued January 17, 1990—Decided March 8, 1990.

Before Judges BRODY and SKILLMAN.

*John R. Orlovsky* argued the cause for appellants (*Orlovsky, Moody & Gabrysiak*, attorneys; *John R. Orlovsky*, on the brief).

*Charles Peter Hopkins*, II argued the cause for respondent (*Richard J. Sauerwein*, attorney; *Charles Peter Hopkins*, II, on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

The issue in this appeal is whether plaintiff Brian Sprague (plaintiff) was a pedestrian and therefore entitled to personal injury protection (PIP) benefits from defendant Niagara Fire Insurance Company (Niagara) for serious injuries he received when he was struck by an automobile. The trial judge found that when plaintiff was struck, he was wheeling a moped off the road just after having driven it accidentally against a stationary van. Concluding that plaintiff was not a pedestrian when his moped collided with the van, the judge reasoned that although he was no longer operating the moped when he was struck by the automobile, plaintiff nevertheless remained an

occupant of the moped because the second accident was proxi-
mately caused by the first. The trial judge's reasoning was
mistaken and we reverse.

Plaintiff, who was 15 years old at the time of the
accident, was operating his moped along the shoulder of a
highway, against the flow of traffic, when he struck the front
of a stationary van whose operator was awaiting an opportuni-
ty to enter the highway. The moped bounced off the van and
both plaintiff and his moped landed on the roadway. Plaintiff
got to his feet and was wheeling the moped off the roadway
when he was struck by an automobile whose operator was
intoxicated. Niagara afforded PIP coverage to plaintiff under
a standard automobile policy that it had issued to his mother.

The trial judge found from the conflicting testimony of three
eye witnesses that when plaintiff was struck by the automobile,
he was wheeling the moped off the highway in the following
manner and with the following intent:

> Within an instant or within moments of this collision [with the van] occurring
> and the ultimate position reached by the plaintiff and his moped, the plaintiff
> driver of the moped rose, had his hand on the handlebars of the moped with one
> leg, his left leg planted on the ground and his right leg partially across the
> moped attempting to push it off the highway onto the shoulder.

> \*　　\*　　\*　　\*　　×　　\*　　\*　　\*

> For the purpose of any Appellate Review, the Court would specifically find
> that there was no factual basis upon which the Court could find any intention to
> start up the moped again, other than the plaintiff's desire to push or get the
> moped and himself off the highway as quickly as possible, albeit unfortunately
> under the circumstances too late to avoid that second accident which did occur.

We must sustain the judge's findings because they are "sup-
ported by adequate, substantial and credible evidence." *Rova
Farms Resort v. Investors Ins. Co.*, 65 *N.J.* 474, 483–484, 323
*A.*2d 495 (1974).

Consistent with the requirements of the New Jersey
Automobile Reparation Reform Act, *N.J.S.A.* 39:6A–1 *et seq.*,
Niagara's automobile liability insurance policy afforded plain-
tiff PIP coverage if he was a "pedestrian" when struck by the

automobile. *N.J.S.A.* 39:6A–4. The Act defines "pedestrian" as

> any person who is not occupying, entering into, or alighting from a vehicle propelled by other than muscular power and designed primarily for use on highways, rails and tracks. [*N.J.S.A.* 39:6A–2h].

Mopeds are vehicles designed primarily for highway use. *Nunag v. Pa. Nat. Mut. Cas. Ins. Co.*, 224 *N.J.Super.* 753, 758, 541 *A.*2d 306 (App.Div.1988). Plaintiff was a pedestrian if when struck by the automobile he was "not occupying, entering into, or alighting from" the moped.[1] *See Clyburn v. Liberty Mut. Ins. Co.*, 214 *N.J.Super.* 644, 520 *A.*2d 829 (App.Div.1987).

Plaintiff was neither the operator nor a passenger of the moped at the critical time. Nor was it his intention to become either. His purpose was merely to wheel the moped off the road. Unlike a vehicle that has a compartment which people may occupy, enter into and alight from when it is not in operation, a moped cannot be occupied unless it is in operation, cannot be entered into unless it is about to be put into operation, and cannot be alighted from unless it has just been in operation. None of those factors was present here. Plaintiff was a pedestrian regardless of whether he was walking the moped off the road with both feet or, in the words of the witness whom the trial judge obviously believed, was "scooting it off the road" with one foot, the other, as the judge found, being "partially across the moped."

The judge's reasoning was faulty because even though the collision between the moped and the van may have proximately caused defendant's being struck by the automobile, it does not follow that defendant was still occupying the moped when the automobile struck him.

Reversed and remanded for trial of the damages and attorneys' fees issues.

---

[1] A person does not qualify for PIP benefits by occupying, entering into, alighting from or using a vehicle unless the vehicle is an automobile. *N.J.S.A.* 39:6A–4.