732 A.2d 1145 (1999)
323 N.J. Super. 338
The OHIO CASUALTY GROUP OF INSURANCE COMPANIES, Plaintiff-Respondent,
v.
Robert GRAY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted July 13, 1999
Decided July 23, 1999
*1146 Hockfield, Hasner & Rosenberg, Cherry Hill, for defendant-appellant (Barry J. Hockfield, on the brief).
Michael R. Hannisian, Woodbury, for plaintiff-respondent.
Before Judges SKILLMAN and BILDER.
The opinion of the court was delivered by SKILLMAN, J.A.D.
Defendant appeals from orders denying his motion for summary judgment and granting plaintiff summary judgment declaring that defendant is not entitled to personal injury protection benefits (PIP) for the personal injuries he suffered in a May 6, 1996 accident. We reverse and remand for entry of a summary judgment in favor of defendant.
The accident occurred in the parking lot of a retail store in Deptford. While defendant was driving his car out of the lot, it was struck by two shopping carts that were being blown around by an incoming storm. Defendant got out of his car to inspect the damage and to disengage the shopping carts from his car. While in the process of laying the loose carts on their sides to prevent them from being blown around more, defendant was struck in the back by additional loose shopping carts. As a result, he suffered personal injuries.
Plaintiff denied defendant's application for PIP benefits. After defendant demanded arbitration, plaintiff filed this action seeking a declaration that defendant is not entitled to PIP benefits for injuries he suffered as a result of the May 6, 1996 accident. The case was brought before the trial court by cross motions for summary judgment. The court concluded in a brief oral opinion that defendant is not entitled to PIP benefits because the accident occurred while he was standing outside of his car.
This appeal is governed by N.J.S.A. 39:6A-4, which provides in pertinent part that an insurer must provide PIP benefits to an insured "who sustain[s] bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile." We conclude that defendant was "using [his] automobile" at the time of the May 6, 1996 accident, and therefore is entitled to PIP benefits.
In Clyburn v. Liberty Mut. Ins. Co., 214 N.J.Super. 644, 520 A.2d 829 (App.Div.), certif. denied, 107 N.J. 652, 527 A.2d 471 (1987), a passenger in a car was injured when he was struck by another vehicle while standing outside the car inspecting the damage caused by a prior minor collision. The plaintiff was not entitled to PIP benefits from the insurer of the car in which he was riding (the host vehicle), because that car was registered and principally garaged in New York, which did not require PIP benefits to be afforded a passenger. Consequently, he sought PIP benefits under N.J.S.A. 39:6A-4 from the insurer of the vehicle which had struck him. Plaintiff argued that at the time of the accident he was a "pedestrian," which N.J.S.A. 39:6A-2h defines as "any person who is not occupying, entering into or alighting from a vehicle." The insurer of the vehicle which struck plaintiff denied his claim on the theory that he was still "occupying" the host vehicle at the time of the accident and consequently was not a "pedestrian." We rejected this argument and sustained the PIP claim against *1147 the owner of the vehicle which struck plaintiff. However, we also clearly indicated that, under New Jersey case law, plaintiff would have been entitled to PIP benefits from the insurer of the host vehicle because he was "using" that vehicle at the time of the accident:
We do not mean to leave the impression that a person injured while using a New Jersey automobile cannot look to the carrier of that automobile for PIP benefits unless at the time of the accident he was occupying, entering into or alighting from the automobile. As noted, N.J.S.A. 39:6A-4 requires a carrier to provide PIP coverage to any person who is "occupying, entering into, alighting from or using the automobile of the named insured." (Emphasis added.) ... [T]he plaintiff here was "using" the Reid automobile when he was struck and injured while examining the damage it had sustained.

[Id. at 648-49, 520 A.2d 829.]
In Vasil v. Zullo, 238 N.J.Super. 572, 577, 570 A.2d 464 (App.Div.1990), we reaffirmed this expansive view of the scope of coverage for PIP benefits provided by N.J.S.A. 39:6A-4:
A non-occupant of a vehicle may be found to have been "using" the vehicle in which he was riding or driving while examining the damage sustained in an accident or while pushing the vehicle from the roadway to the shoulder. [Clyburn, supra, 214 N.J.Super. at 648-49, 520 A.2d 829.] Such conduct constitutes normal use of an automobile which has been involved in an accident or has broken down.
Accord Svenson v. National Consumer Ins. Co., 322 N.J.Super. 410, 415, 731 A.2d 91 (App.Div.1999).
We are satisfied that defendant is entitled to PIP benefits under N.J.S.A. 39:6A-4 in accordance with our interpretation of "using an automobile" in Clyburn and Vasil. Defendant got out of his car to inspect the damage caused by the collision with the two shopping carts and to pull the shopping carts away from his own car. At the time of the accident, defendant was in the process of laying the carts on their side, which would have prevented them not only from being blown into other cars but also from being blown back into his car. These actions, which were obviously designed to permit defendant to drive safely out of the parking lot, constituted a normal use of an automobile by a driver confronted with an emergency situation created by adverse weather conditions.
Accordingly, the summary judgment in favor of plaintiff is reversed and the case is remanded to the trial court for entry of a judgment in defendant's favor.