NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1911-15T3

KATHLEEN LEGGETTE,

    Plaintiff-Appellant,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY ("GEICO"),

    Defendant-Respondent,

and

DERICK HARRIS,

    Defendant.

_____

```
APPROVED FOR PUBLICATION

     May 30, 2017

 APPELLATE DIVISION
```

> Argued March 23, 2017 — Decided May 30, 2017
>
> Before Judges Lihotz, O'Connor and Whipple.
>
> On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1585-14.
>
> Mitchell J. Makowicz, Jr., argued the cause for appellant (Blume, Forte, Fried, Zerres & Molinari, P.C., attorneys; Mr. Makowicz, on the brief).
>
> Elizabeth C. Chierici argued the cause for respondent (Chierici, Chierici & Smith, P.C., attorneys; Ms. Chierici, on the brief).

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

Plaintiff Kathleen Leggette, a Virginia resident, was struck by a New Jersey licensed driver as she walked across a street in Princeton. Plaintiff appeals from the December 4, 2015 summary judgment dismissal of her declaratory judgment complaint against her insurer, defendant Government Employees Insurance Company (GEICO). In her complaint, plaintiff sought personal injury protection (PIP) benefits, pursuant to N.J.S.A. 17:28-1.4, commonly known as the "Deemer Statute," which generally requires an insurer, authorized to do business in New Jersey, must provide PIP coverage for policies sold outside New Jersey, whenever the insured automobile is "used or operated" in this state.[1] Plaintiff maintained her Virginia policy was deemed to provide standard PIP coverage while her vehicle was in this state. The trial judge concluded the Deemer Statute was inapplicable to the circumstances presented. We affirm.

For purposes of the summary judgment motion, the parties did not dispute any material facts. Plaintiff drove her

---

[1] "N.J.S.A. 17:28-1.4 apparently acquired its name as the Deemer Statute because it 'deems' New Jersey insurance coverage and tort limitations to apply to out-of-state policies." Zabilowicz v. Kelsey, 200 N.J. 507, 510 n.2 (2009); see also Lusby v. Hitchner, 273 N.J. Super. 578, 583-84 (App. Div. 1994) ("[T]he statute eponymously 'deems' that the policy includes the required coverage.").

Virginia registered 2005 Toyota Sequoia, insured by GEICO, to Princeton University to visit her daughter, a student. Plaintiff parked her vehicle in a Princeton University parking lot and began walking toward her daughter's dormitory. While in a crosswalk on Edwards Place, plaintiff was struck by an automobile. Consequently, plaintiff suffered injuries and incurred approximately $113,825.47 in medical bills.

Plaintiff filed a complaint and thereafter settled her claims against the driver of the automobile. She initiated this declaratory judgment action against defendant GEICO for PIP coverage to satisfy resultant medical expenses. Plaintiff alleged defendant, which is authorized to conduct business in New Jersey, was legally obligated, by the Deemer Statute, to provide minimum standard automobile insurance policy PIP benefits, covering injuries suffered when her out-of-state-insured vehicle was used in New Jersey. Defendant refuted this interpretation, maintaining plaintiff, as a pedestrian, was not using or operating her vehicle at the time of the accident, so coverage required by the Deemer Statute was not triggered.

The parties filed competing motions for summary judgment. The trial judge accepted plaintiff's position, concluding the comprehensive insurance scheme provided PIP coverage to plaintiff, despite being a pedestrian. The judge denied

defendant's motion for summary judgment and granted plaintiff's motion in an October 23, 2015 order.

Defendant moved to vacate this order and sought dismissal of the complaint. Following oral argument, the Law Division judge reviewed the legislative history accompanying the adoption of the Deemer Statute and reconsidered his prior order. The judge vacated the October 23, 2015 order and concluded a party must be using or operating his or her vehicle at the time of the accident to trigger Deemer coverage. Plaintiff's appeal from the December 4, 2015 order followed.

The narrow legal issue on appeal requires consideration of the Legislative intent in enacting N.J.S.A. 17:28-1.4. These principles guide our review.

A matter of statutory interpretation is a legal issue requiring our de novo review. See, e.g., Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); In re Declaratory Judgment Actions Filed by Various Muns., 446 N.J. Super. 259, 281 (App. Div. 2016), aff'd as modified on other grounds, 227 N.J. 508 (2017). Accordingly, "we accord no deference to the trial judge's interpretive conclusions." Brick Twp. PBA Local 230 v. Twp. of Brick, 446 N.J. Super. 61, 65 (App. Div. 2016).

Our paramount goal in interpreting a statute is to ascertain the Legislature's intent, requiring we start with the statutory language. See, e.g., Maeker v. Ross, 219 N.J. 565, 575 (2014) ("The goal of all statutory interpretation 'is to give effect to the intent of the Legislature.'" (quoting Aronberg v. Tolbert, 207 N.J. 587, 597 (2011))); DiProspero v. Penn, 183 N.J. 477, 492 (2005) ("[G]enerally, the best indicator of that intent is the statutory language."). When interpreting a statute, we give words "their ordinary meaning and significance." Tumpson v. Farina, 218 N.J. 450, 467 (2014) (quoting DiProspero, supra, 183 N.J. at 492). Further, "we must construe the statute sensibly and consistent[ly] with the objectives that the Legislature sought to achieve." Nicholas v. Mynster, 213 N.J. 463, 480 (2013). "We will not adopt an interpretation of the statutory language that leads to an absurd result or one that is distinctly at odds with the public-policy objectives of a statutory scheme." State v. Morrison, 227 N.J. 295, 308 (2016) (citing Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012)).

Enacted in 1985, the Deemer Statute "is part of this State's no fault automobile insurance plan." Gov't Emps. Ins. Co. v. Allstate Ins. Co., 358 N.J. Super. 555, 560 (App. Div. 2003). "The legislation was in response to a growing number of

cases where New Jersey residents were injured in accidents caused by out-of-state drivers whose insurance coverage was less than New Jersey's statutory requirements" and the law was intended "to reduce the demands on the Unsatisfied Claim and Judgment Fund." Ibid. (quoting Craig and Pomeroy, N.J. Auto Ins. Law, cmt. § 1:2-6 (2003)). The Deemer Statute provides, in pertinent part:

> Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State . . . shall include in each policy coverage to satisfy at least the liability insurance requirements of . . . personal injury protection benefits coverage pursuant to . . . [N.J.S.A. 39:6A-4] . . . whenever the automobile or motor vehicle insured under the policy is used or operated in this State. . . .

> [N.J.S.A. 17:28-1.4.]

"In short, the Deemer Statute furnishes the covered out-of-state driver with New Jersey's statutory no-fault PIP and other benefits and, in exchange, deems that driver to have selected the limitation-on-lawsuit option of N.J.S.A. 39:6A-8(a)." Zabilowicz, supra, 200 N.J. at 514.

Plaintiff focuses on the statutory phrase "whenever the automobile or motor vehicle insured under the policy is used or operated in this State," maintaining defendant was required to provide PIP coverage because her vehicle entered New Jersey.

She contends "[p]recluding [her] from receiving PIP benefits because she is an out-of-state resident would be contrary to the plain language of the Deemer Statute and would be inconsistent with well-established case law." Plaintiff argues the statute's provisions extend to any vehicles "that enter into and travel around New Jersey, irrespective of th[e] automobile's direct involvement in the accident." Citing Indem. Ins. Co. v. Metro. Cas. Ins. Co., 33 N.J. 507 (1960), plaintiff urges "[o]ne who operates a car uses it, but one can use a car without operating it." Id. at 513 (citation omitted). Accordingly, plaintiff maintains the fact she was not in her vehicle at the time she was injured is irrelevant.

Plaintiff also argues this interpretation aligns with N.J.S.A. 39:6A-4's requirements, which mandate every standard automobile insurance policy shall contain PIP benefits to the named insured "who sustain[s] bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile," as well "as a pedestrian, caused by an automobile . . . ."

Defendant confronts plaintiff's argument as an attempt to circumvent the legislative purpose in adopting the Deemer Statute, which defendant urges aimed to protect New Jersey residents injured in automobile accidents from out-of-state

operators with insufficient coverage.  Citing the same statutory phrase relied upon by plaintiff, defendant insists a nexus between the out-of-state automobile and the accident is necessary.  Thus, "the automobile . . . insured under the out-of-state policy must be operated or used at the time of the New Jersey accident before the Deemer Statute is triggered." Defendant asserts N.J.S.A. 39:6A-4's PIP requirements apply only if the Deemer Statute is triggered.

Various cases have examined challenges to the applicability of the Deemer Statute when an out-of-state driver is involved in an automobile accident in New Jersey.  See, e.g., Whitaker v. DeVilla, 147 N.J. 341, 349-55 (1997) (reviewing constitutional and other challenges to the Deemer Statute); Cooper Hosp. v. Prudential Ins. Co., 378 N.J. Super. 510, 515 (App. Div. 2005) ("Generally speaking, the [D]eemer [S]tatute effectively mandates that out-of-state policies within its ambit are automatically construed as New Jersey policies when the covered vehicle is involved in a New Jersey accident."); Gov't Emps. Ins. Co., supra, 358 N.J. Super. at 561 (enacting the Deemer Statute, the Legislature "sought to ensure that New Jersey-authorized insurance companies provide to their out-of-state insureds travelling in New Jersey the same protections required of in-state insured vehicles") (citing Martin v. Home Ins. Co.,

141 N.J. 279, 282 (1995))). These authorities state the Deemer Statute "guarantees that out-of-state insureds driving in New Jersey and insured by companies authorized to transact insurance business in New Jersey have available up to $250,000 in personal injury protection (PIP) benefits, see N.J.S.A. 39:6A-4, irrespective of the comparable benefits mandated by the insured's home state." Whitaker, supra, 147 N.J. at 348 (emphasis added). However, we have located no case mirroring the facts at hand.

We frame the issue of first impression as whether an out-of-state automobile policy is deemed by N.J.S.A. 17:28-1.4 to provide PIP benefits when the named insured is injured by a New Jersey driver while a pedestrian. We conclude the answer is no.

The parties' divergent views in construing the plain meaning of the Deemer Statute expose an ambiguity. "[I]f a statute's plain language is ambiguous or subject to multiple interpretations, this [c]ourt 'may consider extrinsic evidence including legislative history and committee reports.'" Parsons ex rel. Parsons v. Mullica Bd. of Educ., 226 N.J. 297, 308 (2016) (quoting State v. Marquez, 202 N.J. 485, 500 (2010)); see also Brick Twp. PBA Local 230, supra, 446 N.J. Super. at 65 ("[W]hen the statutory language is ambiguous and yields more than one plausible interpretation . . . we turn to extrinsic

sources, such as legislative history." (citing DiProspero, supra, 183 N.J. at 492-93)). "In the absence of specific guidance, our task is to discern the intent of the Legislature not only from the terms of the Act, but also from its structure, history and purpose." Martin, supra, 141 N.J. at 285 (quoting Fiore v. Consol. Freightways, 140 N.J. 452, 471 (1995)). "The inquiry [into statutory meaning] in the ultimate analysis is [to determine] the true intention of the law; and, to this end, the particular words are to be made responsive to the essential principle of the law." Id. at 290 (quoting Roig v. Kelsey, 135 N.J. 500, 516 (1994)).

We are not persuaded by plaintiff's argument that her injuries, suffered while a pedestrian, are covered by the Deemer Statute's specific reference to N.J.S.A. 39:6A-4, which provides PIP benefits to pedestrians injured caused by a motor vehicle. This provision only applies if the Deemer Statute is triggered, which turns on the meaning of "whenever the automobile or motor vehicle insured under the policy is used or operated in this State."

Focusing on this language, we note courts have examined "the statutory words 'occupying . . . or using' an automobile in the context of eligibility for PIP benefits[,]" per N.J.S.A.

10

39:6A-4.  *Negron v. Colonial Penn Ins.*, 358 *N.J. Super.* 59, 62 (App. Div. 2003) (alteration in original).  This court stated:

> The broad principle developed by case law has been summarized with disarming simplicity in Craig & Pomeroy, *New Jersey Auto Insurance Law*, § 6:2-3, pg. 119 (Gann 2003):
>
>> [I]t is not necessary that the injury be directly or proximately caused by the automobile or by its motion or operation, so long as there is a substantial nexus between the occupancy or use of the vehicle and the injury.
>
> Cases considering the issue of substantial nexus in PIP matters were surveyed in *Lindstrom v. Hanover Ins. Co.*, 138 *N.J.* 242, 247-53 (1994).  More recent cases, like *Ohio Cas[.] Gr[p.] v. Gray*, 323 *N.J. Super.* 338 (App. Div. 1999); *Svenson v. Nat['l] Consumer Ins. Co.*, 322 *N.J. Super.* 410, 413-17 (App. Div. 1999); and *Stevenson v. State Farm Indem[.] Co.*, 311 *N.J. Super.* 363, 372-73 (App. Div. 1998), have addressed the issue with similar surveys.
>
> [*Ibid.*]

In *Negron*, a passenger exited a vehicle to ask a bar patron "who was pounding the hood" and blocking the car's path, to move.  *Id.* at 61.  The passenger "was immediately assaulted and knocked down by several people."  *Ibid.*  The driver then exited the vehicle to aid the passenger; he too was seriously injured.  *Ibid.*  The passenger-plaintiff argued "his actions were directly linked to the use of the automobile in which he was traveling

because he was acting to aid the driver of his car, to clear a path of travel and to stop third parties from damaging the vehicle." Id. at 62. We were not persuaded and affirmed the trial judge's conclusion the passenger's actions to aid the driver, although commendable, had a "purpose . . . not sufficiently 'entwined with normal use' of a vehicle to bring this case within the ambit of PIP coverage." Id. at 61.

In Vasil v. Zullo, 238 N.J. Super. 572 (App. Div. 1990), we affirmed the denial of benefits to a passenger who exited the vehicle blocked by another motorist during a "road rage" incident. The other driver stabbed the passenger who, after being injured, returned to the vehicle and died. Id. at 575. We concluded the plaintiff could not "reasonably be said to have been 'using' the [defendant's] vehicle simply because the altercation with the occupants of the [other car] arose out of the operation of the [defendant's] car or because the [other car] was blocking the [defendant's] vehicle's path." Id. at 577.

Cases have held "[a] non-occupant of a vehicle may be found to have been 'using' the vehicle in which he was riding or driving while examining the damage sustained in an accident or while pushing the vehicle from the roadway to the shoulder." Ibid. (citing Clyburn v. Liberty Mut. Ins. Co., 214 N.J. Super.

644, 648-49 (App. Div.), certif. denied, 107 N.J. 652 (1987)); see also Gray, supra, 323 N.J. Super. at 341 (finding continuing use of vehicle by driver injured when leaving vehicle to remove shopping carts blocking vehicle). However, when the break is more than temporary, the vehicle becomes unrelated to events of the accident.

Here, plaintiff parked her car, locked the doors, walked away, exited the parking lot, and was crossing a street when she was struck by a vehicle. At the time she sustained her injuries, her use of her vehicle had ended. We are satisfied plaintiff's interpretation of the phrase "whenever the automobile . . . insured under the policy is used . . . in this State" to include merely driving a vehicle into New Jersey is overbroad. N.J.S.A. 17:28-1.4. We cannot reconcile the Legislature's intent in enacting the Deemer Statute to cover a pedestrian accident, which is not a consequence of plaintiff's use of her automobile. Rather, we conclude coverage under the Deemer Statute demands "substantial nexus" between the out-of-state vehicle and the accident for which benefits are sought. Negron, supra, 358 N.J. Super. at 62 (quoting Craig & Pomeroy, New Jersey Auto Insurance Law, § 6:2-3, pg. 119 (Gann 2003)). Here, the negligent act that caused plaintiff's injury was not related to the use of her vehicle in New Jersey. The Deemer

Statute is not applicable to extend PIP benefits to satisfy her medical costs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1911-15T3