**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2422-19T1

DON WASHINGTON,

    Plaintiff-Appellant,

v.

PROGRESSIVE INSURANCE
COMPANY,

    Defendant-Respondent.

_____

Submitted September 21, 2020 - Decided  October 7, 2020

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey,
Law Division, Hudson County, Docket No. L-3843-19.

Law Office of Karim Arzardi, attorneys for appellant
(David M. Fried, on the briefs).

Cooper Maren Nitsberg Voss & DeCoursey, attorneys
for respondent (Andrea L. Greene, on the brief).

PER CURIAM

Plaintiff appeals from the Law Division's February 5, 2020 order dismissing his complaint against his automobile insurer, defendant Progressive Casualty Insurance Company, improperly pled as Progressive Insurance Company. The facts are undisputed.

On January 30, 2019, plaintiff drove his car from his home in New York state to North Bergen. After shopping and exiting a store, plaintiff walked in a crosswalk toward his parked car when he was struck by another driver and injured. Plaintiff applied for personal injury protection (PIP) benefits under his New York policy, which contained a $50,000 limit on PIP benefits. Defendant paid PIP benefits on plaintiff's behalf, ultimately exhausting the policy limits.

Plaintiff filed this complaint. Noting defendant was authorized to conduct business and issue automobile insurance policies in New Jersey, plaintiff asserted that N.J.S.A. 17:28-1.4 (the Deemer Statute) applied and required reformation of his policy to provide coverage up to New Jersey's mandatory PIP policy limits, i.e., $250,000. See N.J.S.A. 39:6A-4(a).

Defendant moved to dismiss the complaint in lieu of filing an answer. It argued that the Deemer Statute did not apply because plaintiff was a pedestrian at the time of the accident. Defendant cited our decision in Leggette v. Government Employees Insurance Co., in which, on similar facts, we held that

"an out-of-state automobile policy is [not] deemed by N.J.S.A. 17:28-1.4 to provide PIP benefits when the named insured is injured by a New Jersey driver while a pedestrian." 450 N.J. Super. 261, 267 (App. Div. 2017). Because plaintiff had exhausted the benefits under his New York policy, defendant argued dismissal was appropriate.

Plaintiff argued that Leggette rested on erroneous interpretations of both the Deemer Statute and N.J.S.A. 39:6A-4 and, therefore, was wrongly decided. He also asserted that the case was factually different from the facts in Leggette.

Judge Kimberly Espinales-Maloney heard oral argument on defendant's motion. In a concise written opinion that accompanied her order, Judge Espinales-Maloney concluded that the facts essentially mirrored those presented in Leggette, and our opinion controlled. She entered the order under review, and this appeal followed.

Plaintiff reprises the arguments he made before the Law Division. We conclude any factual differences between this case and Leggette are insignificant and find Leggette's reasoning to be persuasive. We affirm and add only these brief comments.

As in Leggette, the issue requires us to construe two statutes. In relevant part, the Deemer Statute provides:

[a]ny insurer authorized to transact . . . automobile . . . insurance business in this State . . . which sells a policy providing automobile . . . liability insurance coverage, or any similar coverage, in any other state . . . shall include in each policy coverage to satisfy at least the personal injury protection benefits coverage pursuant to [N.J.S.A. 39:6A-4] . . . whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

[N.J.S.A. 17:28-1.4 (emphasis added).]

"The legislation was in response to a growing number of cases where New Jersey residents were injured in accidents caused by out-of-state drivers whose insurance coverage was less than New Jersey's statutory requirements" and was intended "to reduce the demands on the Unsatisfied Claim and Judgment Fund." Leggette, 450 N.J. Super. at 265 (emphasis added) (quoting Gov't Emps. Ins. Co. v. Allstate Ins. Co., 358 N.J. Super. 555, 560 (App. Div. 2003)).

N.J.S.A. 39:6A-4 requires

every standard automobile liability insurance policy . . . shall contain personal injury protection benefits for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured . . . who sustain[s] bodily injury as a result of an accident while occupying . . . or using an automobile, or as a pedestrian, caused by an automobile or by an object propelled by or from an automobile[.]

[(Emphasis added).]

Every policy must provide for the payment of PIP benefits "in an amount not to exceed $250,000 per person per accident." N.J.S.A. 39:6A-4(a).

As did the plaintiff in Leggette, plaintiff in this case argues that the Deemer Statute's specific reference to N.J.S.A. 39:6A-4, and, in turn, that statute's specific reference to mandatory PIP coverage for injuries to "a pedestrian[] caused by an automobile[,]" means he was entitled to PIP benefits in an amount greater than the policy limits of his New York policy. We rejected that syllogism in Leggette, and we reaffirm that rejection here.

The plaintiff in Leggette was a Virginia resident who drove to New Jersey to visit her daughter at Princeton University. 450 N.J. Super. at 263. Plaintiff parked her car, walked away, and was crossing the street when she was struck by another vehicle. Ibid. We concluded that the greater PIP benefits applied only if the Deemer Statute was "triggered." Id. at 265. In other words, only when "the automobile . . . insured under the policy is used or operated in this State." Ibid. (quoting N.J.S.A. 17:28-1.4). We then noted by analogy that "courts have examined 'the statutory words "occupying . . . or using" an automobile in the context of eligibility for PIP benefits[,]' per N.J.S.A. 39:6A-4." Id. at 268 (quoting Negron v. Colonial Penn Ins., 358 N.J. Super. 59, 62 (App. Div. 2003)). Ultimately,

[w]e [could not] reconcile the Legislature's intent in enacting the Deemer Statute to cover a pedestrian accident, which is not a consequence of [the] plaintiff's use of her automobile. Rather, we conclude[d] coverage under the Deemer Statute demands "substantial nexus" between the out-of-state vehicle and the accident for which benefits are sought.

[Id. at 270 (citing Negron, 358 N.J. Super. at 62).]

We agree with this analysis. Requiring defendant to provide greater PIP coverage than was purchased by plaintiff — its New York insured — simply because plaintiff used his car to cross the state line into New Jersey runs counter to the various legislative goals of the Deemer Statute. See, e.g., Whitaker v. DeVilla, 147 N.J. 341, 348 (1997) (noting "that out-of-state insureds driving in New Jersey and insured by companies authorized to transact insurance business in New Jersey have available up to $250,000 in personal injury protection (PIP) benefits" (emphasis added)); Martin v. Home Ins. Co., 141 N.J. 279, 282 (1995) (to provide "the occupants of an out-of-state car traveling in New Jersey [with] the same financial protections as occupants of in-state cars traveling the same roadways") (emphasis added); Gov't Emps. Ins. Co., 358 N.J. Super. at 560 (purpose was to provide protection to New Jersey's residents involved in accidents with out-of-state vehicles). None of these cases, or any other published case, suggest that the Legislature intended to provide out-of-state

6

residents with increased PIP benefits when injured as a pedestrian simply because they had driven their cars into New Jersey.

Plaintiff also asserts that this case was factually different from <u>Leggette</u> because he was walking back to his car to drive away, whereas the plaintiff in <u>Leggette</u> was struck by the other driver after she had locked her car and walked away, without any indication of her imminent return to use the vehicle. Plaintiff's future unrealized intention to enter his car does not establish a "substantial nexus" to the vehicle at the time he was injured for purposes of the Deemer Statute. The argument requires no further discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2422-19T1