NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2067
_____

SHANNON RIPLEY,

Appellant

v.

MYNA GERMAN
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action Nos. 1-18-cv-10143)
District Judge: Honorable Renee M. Bumb
_____

Submitted under Third Circuit LAR 34.1(a)
On January 21, 2021

Before: HARDIMAN and ROTH, Circuit Judges and **PRATTER, District Judge

(Opinion filed: September 1, 2021)

_____

OPINION*
_____

ROTH, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
** The Honorable Gene E.K. Pratter, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

## I.

This case arises from an automobile accident between plaintiff Shannon Ripley and defendant Myna German. Ripley appeals an order of the District Court, granting summary judgment to German and dismissing Ripley's action for damages sustained in the accident. Her appeal provides no basis for reversing the District Court's finding that New Jersey's "verbal tort threshold" bars recovery for her injuries. Therefore, we will affirm the court's order.

## II.

Ripley, a Pennsylvania resident, sustained multiple injuries in a motor vehicle collision with German in New Jersey. At the time of the collision, Ripley was a passenger in a rental car. Her fiancé was driving the car, but Ripley had rented it in her own name while her primary vehicle was being repaired. The rental car was covered under Ripley's auto insurance policy with Trumbull Insurance Company, a subsidiary of The Hartford Financial Services Group, Inc.

Ripley brought a negligence action against German in the District Court in New Jersey, seeking compensatory damages for her injuries. The District Court granted summary judgment in favor of German and dismissed Ripley's claims with prejudice on the basis that New Jersey's Deemer Statute, and consequently the state's "verbal tort threshold," prevented recovery for Ripley's non-economic injuries.[1] Ripley appealed.

---

[1] *See* N.J.S.A. 17:28-1.4; N.J.S.A. 39:6A-8(a).

2

**III.**[2]

We review a district court's grant of summary judgment de novo, applying the same standard the district court would use.[3]  Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[4]

**IV.**

New Jersey's Deemer Statute, N.J.S.A. 17:28-1.4, provides that out-of-state auto insurers 1) directly or indirectly authorized to write car insurance in New Jersey and 2) insuring a vehicle used or operated in New Jersey at the time of an accident, must offer the minimum personal injury coverage mandated by New Jersey law.  In turn, insureds to whom the Deemer Statute applies are automatically subject to the "verbal tort threshold" in the New Jersey Automobile Insurance Cost Reduction Act (AICRA)'s basic coverage option, which bars claimants from recovering damages in tort for non-economic losses outside of several enumerated categories.[5]  Relevant here, one exempted category is "permanent injury within a reasonable degree of medical probability[.]"[6]  Ripley argues that 1) the Deemer Statute did not apply to her insurer at the time of the collision, and 2)

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291.

[3] *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 176 (3d Cir. 2019).

[4] Fed. R. Civ. P. 56(a).

[5] N.J.S.A. 17:28-1.4; N.J.S.A. 39:6A-8(a); *see Dyszel v. Marks*, 6 F.3d 116, 120 (3d Cir. 1993). New Jersey law also offers a "full coverage" option without limits on tort liability for non-economic injury, inapplicable to drivers with out-of-state insurance policies.  N.J.S.A. 39:6A-8(b); *Dyszel*, 6 F.3d at 126–27.

[6] N.J.S.A. 39:6A-8(a).

3

even if her insurer was covered by the statute, she alleged a permanent injury sufficient to overcome the verbal threshold. Both arguments fail.

Ripley first argues that the Deemer Statute applies only to a vehicle's "operators" and not its passengers. The statute states otherwise. It makes no distinction between "operators" and passengers, but rather extends to all qualifying providers insuring vehicles "used or operated" in the state.[7] Plus, the "verbal threshold" explicitly limits tort liability for "every owner, registrant, operator *or occupant* of an [applicable] automobile," which includes automobiles covered under the Deemer Statute.[8] Read together, the statutes undeniably reach passengers of covered vehicles.[9] The cases that Ripley cites are misplaced; none found that the Deemer Statute did not apply where, as here, an owner of an out-of-state insurance policy rode in the vehicle that she insured while it was being operated in New Jersey.[10]

---

[7] *Id*. § 17:28-1.4.

[8] *Id.*; *Id*. § 39:6A-8(a) (emphasis added); *see Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 210 (3d Cir. 2008) ("We assume . . . that every word in a statute has meaning and avoid interpreting one part of a statute in a manner that renders another part superfluous." (citation omitted)).

[9] The statutory definition of "automobile" extends to rental cars. *See* N.J.S.A. 39:6A-2. Ripley's argumentthat her insurance policy did not cover her rental car is unpersuasive. The policy defines "[y]our covered auto" to encompass "[a]ny vehicle shown in the Declarations" and "[a]ny auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of . . . [r]epair." Dist. Ct. Dkt. No. 31-5, at ECF page 6. As noted above, Ripley stated that she rented the car used in the accident as a replacement while her regular vehicle was being repaired.

[10] *See Leggette v. GEICO*, 161 A.3d 769, 774–75 (N.J. App. Div. 2017) (finding plaintiff who had exited her vehicle and was crossing the street was not "using" her vehicle under the statute); *Karamisakis v. Blumberg*, 2005 WL 3148500, at *3–5 (N.J. App. Div. Nov. 28, 2005) (declining to apply Deemer Statute when plaintiff was not insured under policy covering vehicle in question); *Whitaker v. DeVilla*, 147 N.J. 341, 347–48 (1997) (holding Deemer Statute applies to vehicles "operated" or "used" in New Jersey); *Lusby By and Through Nichols v. Hitchner*, 642 A.2d 1055, 1057–58 (N.J. App. Div. 1994) (same).

4

Ripley has introduced no basis for reversing the District Court's finding that her insurer was required to comply with the statute. The Deemer Statute applies to "[a]ny insurer authorized to transact or transacting automobile or motor vehicle insurance business in [New Jersey], or controlling or controlled by, or under common control by, or with, an insurer [so authorized]."[11] The District Court found that Ripley's policy with Trumbull Insurance Company was subject to the statute because the New Jersey Department of Banking and Insurance's website lists three subsidiaries of its parent company, The Hartford, as entities who write private auto insurance in New Jersey. Ripley contends, without support, that an undated printout from a website clearly is not the type of evidence required to establish that the Deemer Statute applies. The printout was generated in 2019, and it would be unreasonable to infer that no affiliate of a major insurance company like The Hartford was authorized to do business in New Jersey at the time of the accident three years earlier. *See El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007) ("In considering the [summary judgment] evidence, the court should draw all *reasonable* inferences against the moving party." (emphasis added)). Moreover, Ripley has not provided evidence to suggest that the listed subsidiaries were not authorized to transact business in New Jersey at the time of the accident. Thus, we agree with the District Court that Ripley's policy was covered under the statute.

Nor do we find that Ripley has alleged a permanent injury sufficient to overcome

---

[11] N.J.S.A. 17:28-1.4; *see Cupido v. Perez*, 2 A.3d 1159, 1163 (N.J. App. Div. 2010) (finding that Deemer Statute applies to entities with affiliates who are authorized to transact motor vehicle insurance in New Jersey).

the "verbal threshold." To satisfy the permanent injury exception, plaintiffs must, within 60 days following the defendant's answer, provide the defendant with a physician's certification containing objective medical evidence of permanent injury.[12] Not only did Ripley miss the statutory deadline, but she did not obtain a physician's certification until after discovery had closed and briefing on German's summary judgment motion had concluded. The District Court was correct to find that this was "too late . . . to validate her claims."[13] Ripley cites *Casinelli v. Manglapus*,[14] in which the court found that "the late filing of a physician certification [is] akin to a discovery violation" that does not automatically warrant dismissal of a claim.[15] However, there can be no discovery violation when a document is not introduced or even created at any point during the discovery process.[16] Ripley did not produce a certification during discovery. Therefore, she cannot now claim benefit of a certification.[17] Furthermore, the report which Ripley ostensibly obtained, by one Gene Levinstein, a pain management specialist, is nowhere to be found in either the record before this Court or the District Court's docket. Thus, we would have nothing to consider even if Ripley had not waived the issue.[18]

---

[12] N.J.S.A. 39:6A-8.

[13] Appx. 14.

[14] 181 N.J. 354 (2004).

[15] *Id*. at 356.

[16] *See, e.g., Asuncion v. Farrell*, 2009 WL 1790079, at *2 (N.J. App. Div. June 25, 2009) (declining to extend *Casinelli*; upholding dismissal where plaintiff submitted physician certification attesting permanent injury after close of discovery).

[17] Ripley's cited cases, in which courts found injuries similar to hers were permanent in light of timely-produced physician reports, cannot excuse her failure to produce a certification here.

[18] *See, e.g., S.H. ex rel. Durrell v. Lower Merion Sch. Dist*., 729 F.3d 248, 267 n.27 (3d Cir. 2013) (finding this Court may not consider document not in the record); *see* Fed. R. App. P. 10(b)(2).

Ripley also argues for the first time on appeal that German waived any defenses relating to the Deemer Statute and the "verbal threshold" because she did not specifically raise them in her answer to Ripley's complaint. But it is Ripley's argument, not German's defense, that is waived. Absent exceptional circumstances, "[i]t is well established that arguments not raised before the District Court are waived on appeal."[19] No circumstance warrants an exception to the waiver rule here.[20] [21]

## V.

For the foregoing reasons, the District Court's summary judgment order will be affirmed.

---

[19] *Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018) (citation and internal quotation marks omitted).

[20] *See Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416–17 (3d Cir. 2011).

[21] Even if Ripley's argument were not waived, it would not succeed: German's answer specifically preserved defenses under AICRA, of which the verbal threshold is a part.

7